(No. 27868.—

M. A. WOLCOTT *et al.,* Appellants, *vs.* THE VILLAGE OF LOMBARD *et al.,* Appellees.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 16, 1944.*

WEIGHTSTILL WOODS, of Lombard, for appellants.

CLARENCE F. MARTIN, of Chicago, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

A complaint in chancery was filed in the circuit court of DuPage county on October 30, 1943, for the purpose of challenging the validity of a sewer ordinance of the village of Lombard and, in general, it makes charges against article 60 of the Cities and Villages Act to which it refers. Article 60 contains eighteen sections but the complaint does not point out any particular section of the said article as being invalid. Other relief is asked by way of injunction, accounting and direction for disposition of certain assessment moneys. The suit was instituted by one M. A. Wolcott, individually and on behalf of a class of taxpayers similarly situated. On November 8, 1943, the appellee village of Lombard filed a motion to strike the complaint and dismiss the case on the ground that the complaint was substantially insufficient in law. A hearing was had on November 9, 1943, and the court entered an order dismissing the complaint. On November 15, 1943, a notice of appeal was filed by the appellants from the order of November 9, sustaining the motion and dismissing the complaint of appellants. On the same date a *praecipe* for a complete record was filed by appellants in the office of the circuit clerk of DuPage county. On December 6, 1943, a motion was filed by appellants seeking to vacate and

reconsider the order of dismissal entered on November 9, which included a request to withdraw the notice of appeal. The order overruling said motion made no reference at all to the latter request and no appeal is properly taken from that order. In the motion to vacate and reconsider filed on December 6, the appellants set forth a large amount of new matter and many allegations which were not in the original complaint. They attach numerous exhibits to the motion and complain that the statute and ordinance complained of violated at least thirteen sections of the State and Federal constitutions, enumerating them by article and section numbers. None of these sections were mentioned in the original complaint.

After the case reached this court, a motion was made by the village of Lombard to strike certain portions of the appellants' transcript of record and abstract. This motion was filed on March 18, 1944, and presented to the court on March 20, 1944, at which time by order of the court the motion was taken with the case. After examining the record carefully, it is quite apparent that the motion to strike should be allowed.

Paragraph (1) of section 74 of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 198,) provides that: "Every order, determination, decision, judgment or decree rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal." Paragraph (2) of section 76 of the said act provides an appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court and that after being duly perfected no appeal shall be dismissed without notice and no step other than that by which the appeal is perfected shall be deemed jurisdictional.

Rule 33 of this court prescribes in detail the contents and form of notice of appeal, and by Rule 34 reference is made to the notice of appeal as the instrument by which

the appeal is perfected. In view of these statutory provisions and the rules of this court, we do not see how this court has any jurisdiction to review the proceedings of the lower court which occurred after the notice of appeal was filed and served. Cases announcing that an appeal shall be deemed perfected when the notice of appeal is filed in the lower court are *162 East Ohio Street Hotel Corp.* v. *Lindheimer,* 368 Ill. 294, and *Francke* v. *Eadie,* 373 Ill. 500. When the notice of appeal is filed, the case proceeds in the court of review not as a new case but as a continuation of the one that was pending in the trial court. The jurisdiction of the reviewing court to take the case attaches when the notice of appeal is filed in the trial court.

Under subsection 5 of Rule 33 of this court, there is provision for making amendments to the notice of appeal in a manner whereby the amendments shall relate back to the time of the filing of the notice of appeal. The subsection concludes as follows: "No amendment to the Notice of Appeal specifying and describing orders, determinations, decisions, judgments, decrees or parts thereof not specified or described in the original Notice of Appeal shall be permitted after the expiration of ninety days from the entry of such orders, decrees, judgments, determinations or parts thereof sought to be specified or described in the amendment." Without passing upon the question as to whether or not in this case the appellants could have availed themselves of the above section pertaining to amendments, there was no request made for permission to amend appellants' notice of appeal during the ninety-day period allowed, and there is nothing in the notice of appeal filed which would in any way refer to or incorporate the motion filed December 6 to vacate and reconsider the order of November 9.

The suggestion by the appellants that the practice of raising constitutional questions by motion and placing them upon the record of the trial court is approved in the case

of *Consolidated Coal Co.* v. *People,* 185 U. S. 203, is
without merit. That case was tried upon an agreed state-
ment of facts and it was stipulated that the validity or
constitutionality of a statute was involved, and, on a motion
made in arrest of judgment, the invalidity of the statute
was specifically set forth. However, that case was tried
long before the adoption of the Civil Practice Act in the
State of Illinois, and the procedure in that case has no
similarity to the questions arising upon this record.

In view of the foregoing, the motion by the appellees
to strike from the record of this case pages 28 to 38, both
inclusive, of the transcript of record and also that portion
of the abstract of record beginning with "motion to vacate
and reconsider" on page 28 of the abstract to and including
"order denying motion to vacate and reconsider" on page 41
of said abstract, should be allowed and such portions of
the record will not be considered by the court in this
opinion.

The only questions that can be considered on this appeal
are those arising upon the record as it existed on Novem-
ber 9, 1943, when the court granted the motion of appellees
to strike the original complaint and dismissed the cause
for want of equity. As the trial court certified that the
validity of a statute and the validity of a municipal ordi-
nance are involved, the appeal comes directly to this court.

While the appellants are appealing from an order hold-
ing their complaint insufficient, they do not attempt to
argue that question but assume that it is sufficient and in
their briefs argue the merits of the case based not only
on the original complaint but upon all matters attempted
to be raised on their motion to vacate and reconsider the
order of November 9.

The ordinance under attack is known as ordinance
No. 424 of the village of Lombard, Illinois, passed October
11, 1943. It provides for the issuance of $50,000 sewerage
revenue bonds of the village for the purpose of paying

and defraying the cost of substantial improvements and repairs to be made to the sewerage system of the village, the bonds to be payable solely from the revenue derived from the said sewerage system. The ordinance purports to be passed under authority granted by article 60 of the Cities and Villages Act.

The theory of the plaintiff-appellant Wolcott, which was somewhat vaguely expressed, is that she was the owner of real estate assessed for a local sewer improvement known as special assessment No. 88 and supplemental assessment No. 122; that she is now asked as a householder to pay rent for use of the sewer system under the ordinance in question, No. 424, which she helped pay for by special assessment; that having paid her assessments under special assessment No. 88 which have thus far matured, and become liable to pay further installments under assessments 88 and 122, she cannot be again further charged with reference to the same sewer system. After setting forth in general language that the publication of ordinance No. 424 was void, that the levy to support it has not been published, and other matters by way of conclusion, the complaint, in the fourth paragraph thereof, specifically challenges the ordinance upon certain grounds set forth in the following subparagraphs:

Subparagraph (a) asserts that the village did not pay for and does not own the street sewer systems of the village. This allegation is a pure conclusion and no facts are recited from which such a conclusion can be drawn.

Subparagraph (b) charges that the ordinance is void because it does not provide for an improvement of the sewer system of said village as a whole but only for a part thereof; also, that no public hearings have been held as required by the Local Improvement Act. An examination of the ordinance clearly shows that the improvements proposed are for the benefit of the entire system. There is no question of special assessment involved and hence no

requirement for public hearings. The improvements to be made are akin to those described in *City of Edwardsville* v. *Jenkins*, 376 Ill. 327, and under that authority are not local in character. A mere reading of the ordinance shows plainly that the improvements contemplated will be of benefit to the entire village of Lombard and in nowise a local improvement.

Subparagraph (c) urges that the ordinance is void because it was not published before being presented for passage; because it was not held over from one stated meeting of the board to another before voting and was not referred to any committee prior to passage; and that the enactment was premature and contrary to the procedural ordinances of said village. These charges are all pure conclusions and there is no violation of the statutes or procedural ordinances of the village of Lombard pointed out or set forth in the complaint or shown in the record, and the charges in subparagraph (c) are not alleged with the definiteness and certainty required to present or assist in the statement of a cause of action.

Subparagraph (d) of paragraph 4 charges that the ordinance would amend and modify the levy and appropriation ordinances of said village for the year 1943. We fail to see that the ordinance in any manner interferes with either the levy or appropriation ordinances. The passage of rate ordinances for the purpose of enforcing the provisions of ordinance No. 424 is a matter for future consideration.

The matters presented in subparagraph (e) concerning discussions had by the village trustees about a sewer system in district 88 and the failure on the part of the village to see that a certain contract for construction was enforced are not in any manner germane to the questions appellants seek to raise by their complaint. The same comment applies to subparagraph (f) inasmuch as any neglect of duty by village officials in other wholly independent matters does

not affect the validity of ordinance No. 424 nor the statutes of the State of Illinois.

It is alleged in subparagraph (g) that the village was duty bound to use any amount up to the whole fund arising from collections in special assessment No. 88 of the village, to complete the sewer in that district before seeking any new fund from the taxpayers. They assert as a conclusion that the funds of assessment No. 88 have not been exhausted. There are no figures mentioned and no facts stated which in any manner show the exact status of special assessment No. 88 and no fact stated in this subparagraph tends to affect the validity of ordinance No. 424. Subparagraph (h) makes similar allegations with reference to collections to be made from supplemental assessment No. 122.

By subparagraph (i) it is charged that the said ordinance No. 424 and the statute, article 60 of the Cities and Villages Act, are void because they seek to provide for an inchoate lien for forty years, upon all the real estate in the village of Lombard; that the ordinance and the proposed bonds are void for reasons stated in *Lobdell* v. *City of Chicago,* 227 Ill. 218, and because contrary to the law concerning local improvements. The paragraph does not point out a single fact sustaining its allegations or refer to any particular section of article 60. It is made up of conclusions without pointing out specific facts to support them. The case of *Lobdell* v. *City of Chicago,* 227 Ill. 218, involved the question of whether a proposed issue of $75,000,000 in street railway certificates of the city of Chicago and the execution of a trust deed or mortgage to secure their payment would create an indebtedness of the city beyond the constitutional limit, in violation of the provisions of section 12 of article 9 of the State constitution. There the property of the city was pledged or mortgaged for the payment of the certificates in such manner as to make the certificates an indebtedness of the city.

This subparagraph does not explain how an inchoate lien will be created in this case, and certainly the *Lobdell case* is not at all applicable to the facts presented by this record. Section 7 of article 60 of the Cities and Villages Act provides for the method of charging users of the sewerage system for the upkeep of the system, and the case of *City of Edwardsville* v. *Jenkins,* 376 Ill. 327, holds that such a plan does not increase the city's indebtedness and so does not violate section 12 of article IX of the constitution.

In paragraph 5 the complaint states, by way of conclusion, that the appellants have established that the village had on hand several unused funds which were created to finance the very same sewer projects, and, therefore, it has no power to raise money for the same purposes. The only funds referred to by appellants are special assessment funds held by the village as trust funds for the special assessment bonds on each particular improvement and are not available for general village expenditures. No itemized statements are presented and no information by way of facts furnished to show the status of said special assessment funds. In making the foregoing observations we have not overlooked the rule of pleading that a motion to strike admits all facts well pleaded. Such motions do not admit the legal conclusions of the pleader as they are alleged and set forth in this complaint. *Barzowski* v. *Highland Park State Bank,* 371 Ill. 412; *Harris* v. *Ingleside Building Corp.* 370 Ill. 617.

We consider the original complaint in this case to be vague and uncertain; to contain many conclusions not based on facts; to intimate only by reference in lieu of supplying definite information, and to lack the definiteness which is required in stating a cause of action under our system of pleading, and the circuit court of DuPage county properly dismissed the complaint for want of equity. The order of the circuit court is, for these reasons, affirmed.

*Order affirmed.*