(No. 31766.

CHESTER C. BREHM *et al.*, Appellants, *vs.* JOHN A. PIO-TROWSKI *et al.*, Appellees.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

A. M. HORWITZ, and HERBERT M. WETZEL, both of Chicago, (DEMETRI M. SPIRO, of counsel,) for appellants.

JOHN F. O'TOOLE, and MITCHELL KILANOWSKI, both of Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook County, denying specific performance of an agreement to convey real estate. The decree was based upon the fact the complaint pleaded an agreement which the manifest weight of the evidence established, and which, the parties admitted, was not the true and existing agreement between them.

On February 10, 1946, John Piotrowski and wife, by their written agreement with Chester Brehm and wife, agreed to sell to the latter certain real estate for a consideration of $12,000. The original of this agreement and the earnest money of $500 were, by the terms thereof, placed with the Southway Realty, the agency handling the sale, as escrowee. A copy of the agreement was given to the Piotrowskis and one to the Brehms. Thereafter the Piotrowskis wanted more consideration, and after consultations a new consideration of $12,300 was agreed upon, plus some changes in respect to the realtor's commission that were advantageous to them. These changes were noted upon the copy of the prior agreement possessed by the Piotrowskis and were then initialed by Chester Brehm. His copy was not altered to reflect the new agreement. Whether those changes were ever noted upon the original of the prior agreement and initialed by the parties, the record does not disclose. That original was never in evidence. The Southway Realty was the name under which Mrs. Mildred Burke, a realtor, conducted her agency. On June 18, 1946, Mrs. Burke was adjudicated a bankrupt and all of her papers,

records, and money she held in escrow, were seized by the bankruptcy authorities and impounded. Those authorities could not find among the effects impounded the original of the prior agreement of the parties.

The Brehms' complaint for specific performance was founded upon their unaltered copy of the prior agreement. The attorney for the Piotrowskis evidently had no knowledge of his clients' copy having been altered to express a new agreement, as the answer he filed was predicated upon the Brehms' copy. During the course of the hearing before the master, the Piotrowskis' altered copy came to light. The parties then stipulated that the altered copy belonging to the Piotrowskis expressed what was the true agreement between the parties and, as plaintiffs' exhibit 1, should stand in lieu of the original.

The master in his report to the chancellor on November 15, 1949, found, "that the contract sought to be specifically performed herein as appears from the pleadings is other than the true contract between the parties as shown by plaintiffs' Exhibit 1," and recommended the dismissal of the complaint for want of equity. On April 24, 1950, the Brehms filed their motion to amend their complaint so it would be based on the true agreement between the parties. This was subsequent to the chancellor's refusal to sustain the exceptions to the master's report, and four days prior to the entry of the decree. For some reason not apparent of record the motion was not presented to the chancellor. On July 14, 1950, notice of appeal to this court and notice of filing notice of praecipe for the record were filed by the Brehms. On August 1, 1950, they petitioned the chancellor to sign the order allowing their motion to amend the complaint *nunc pro tunc* as of April 24, 1950. After a hearing, the chancellor refused to sign the order.

The Brehms assign error on this refusal of the chancellor. The specific fact found by the master and approved by the chancellor is amply substantiated by the testimony

of Chester Brehm and other witnesses in their behalf, by the stipulation that the altered copy of the Piotrowskis was the true agreement and introducing it in evidence as plaintiffs' exhibit 1, and by their endeavor to amend the complaint so it would plead exhibit 1. The petition to the chancellor to sign the order allowing the motion to amend *nunc pro tunc* as of April 24, 1950, came after that official had lost jurisdiction over the cause by reason of the filing of the notice of appeal by the Brehms. Filing of a notice of appeal within due time causes jurisdiction of the reviewing court to attach instanter and deprives the lower court of jurisdiction. Also, this court does not possess the jurisdiction to review proceedings of the lower court which happened after the notice of appeal was filed and served. (*Wolcott* v. *Village of Lombard*, 387 Ill. 621.) The Brehms controlled the time of the filing of their notice of appeal and, therefore, they could insure ample time to secure a ruling on the motion to amend before the chancellor lost jurisdiction of the cause. The burden rested upon them to secure that ruling. They suffer by reason of their error on this matter and not because of any error of the chancellor, and this court cannot protect them from the consequences of that error. The chancellor was right in dismissing the complaint for want of equity on the ground the Brehms did not thereby endeavor to secure specific performance of an agreement which was the true and existing agreement between the parties.

The Brehms do not set out, in that portion of their brief devoted to assignments of error, any assignment based upon the theory the chancellor erred in decreeing they should pay the costs amounting to $599.65. They do argue and brief the point at some length. That sum is divisible into two portions, one of $355.45, representing the costs and fees of the master, and $244.20, for what the Piotrowskis paid to the court reporter for transcribing testimony. They allege the costs of the master to be excessive

to the extent of $105.45 for stenographer's fees. On the authority of *Glos v. Flanedy*, (1904) 207 Ill. 230, they say that is a personal expense of the master not chargeable to them. The Fees and Salaries Act, section 20, was amended in 1907 to allow the master compensation for stenographic hire as an item of costs. (*Biewer v. Mueller*, 254 Ill. 315.) The record in respect to the $244.20 paid by the Piotrowskis was not abstracted. We must conclude, in the absence of any showing to the contrary, that the chancellor did not abuse his discretion in assessing that item against the Brehms.

The decree of the superior court of Cook County is affirmed. Other errors have been assigned by the Brehms. Our affirmance of the decree, because specific performance was sought of an agreement which was not the true and existing agreement between the parties, renders determination of those assignments of error unnecessary.

*Decree affirmed.*