(No. 40236.—

THE CITY OF CHICAGO, Appellee, *vs.* LOWELL J. MYERS, Appellant.

*Opinion filed June 22, 1967.*

LOWELL J. MYERS, of Chicago, *pro se.*

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (SIDNEY R. DREBIN and MARSILE HUGHES, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District to this court which involves a constitutional question which arose out of the action of the appellate court.

The defendant, an attorney, was charged with illegal parking under an ordinance of the city of Chicago.

When the case was called the court presented certain questions to the defendant. He pleaded his constitutional privilege against giving testimony and he offered to stipulate that a police officer would testify that an auto bearing a designated license number on a specified date at a time named was parked at a certain location. The police officer who had issued the summons was not present and the trial court accepted the offered stipulation on behalf of the appellee. The defendant stated to the court that in his opinion the appellee had not proved its case. In response to an inquiry by the court the defendant declared that he had nothing more to say. Thereupon, the magistrate "with great reluctance" found the defendant guilty on the basis of the stipulation and fined him five dollars.

The defendant filed a notice of appeal on February 10, 1966. On February 24, 1966, an attorney representing the plaintiff appeared before another magistrate in the same

cause and court and, stating that the plaintiff had not been represented at the proceedings on February 1, 1966, moved to vacate the judgment entered at such time. The defendant objected on the ground that the trial court had lost jurisdiction when the notice of appeal was filed. The trial court suggested that it could entertain the plaintiff's request as a petition for a writ of error *coram nobis* and asked the plaintiff's attorney to redesignate the motion as such a petition. The court then granted the petition on the understanding that the plaintiff would dismiss the charge against the defendant for want of prosecution. This was done over the protest of the defendant who asserted that the trial court was then without authority to act in the case. Thereafter, on July 22, 1966, the plaintiff declared to the appellate court that the original judgment against the defendant had been improper and moved to dismiss the defendant's appeal on the ground that no controversy between the parties remained in view of the trial court's action on February 24, 1966. The appellate court on July 29, 1966, granted the plaintiff's motion and dismissed the appeal and directed that the plaintiff was to recover costs from the defendant.

Section 76(2) of the Civil Practice Act provides: "An appeal is perfected when the notice of appeal is filed in the lower court. After being perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected is jurisdictional." Ill. Rev. Stat. 1965, chap. 110, par. 76(2).

The jurisdiction of the appellate court attaches upon the proper filing of a notice of appeal. Thereafter, excepting certain instances not here concerned, the cause is beyond the jurisdiction of the trial court. This court in *Brehm* v. *Piotrowski,* 409 Ill. 87, 90, declared: "Filing of a notice of appeal within due time causes jurisdiction of the reviewing court to attach instanter and deprives the lower court of jurisdiction. Also, this court does not possess the jurisdiction to review proceedings of the lower court which happened

after the notice of appeal was filed and served. (*Wolcott* v. *Village of Lombard*, 387 Ill. 621.)" See also, *People ex rel. Doty* v. *Dusher*, 24 Ill.2d 309.

Here, it is not disputed that the defendant properly filed a notice of appeal on February 10, 1966. The trial court was without jurisdiction when on February 24, 1966, it sought to vacate its order of February 1, 1966. The appellate court erred in dismissing the appeal. The judgment of the Appellate Court for the First District is reversed and the cause is remanded to such court for proceedings in conformity with this opinion.

*Reversed and remanded.*