**Richard O'Donnell, Plaintiff-Appellant, v. Joseph I. Woods, Sheriff of Cook County, Defendant-Appellee.**

**Gen. No. 52,741.**

First District, First Division.
April 8, 1968.

Selwyn Zun and Gerald B. Mullin, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Ronald Butler, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, Richard O'Donnell, appeals from an interlocutory order dissolving a temporary injunction, which had restrained Joseph Woods, Sheriff of Cook County, "from arresting the plaintiff or interfering with the operation of plaintiff's business" [retail sale of alcoholic liquor].

Plaintiff's "Complaint for Injunction," filed November 24, 1967, alleged that plaintiff was the holder of a State and local liquor license and on November 7, 1967, the Circuit Court of Cook County, Illinois, in the case of Richard O'Donnell, d/b/a Turf Lounge v. Illinois Liquor Control Commission, Case No. 67 L 14382, entered an order sustaining the Illinois Liquor Control Commission's revocation of plaintiff's retail liquor license and setting a bond on appeal in the amount of $1,000.

Plaintiff further alleged that on November 7, 1967, "plaintiff filed in the aforementioned case, his bond on Appeal which was duly signed by the Honorable Edward F. Healy and Notice of Filing said Bond on Appeal was given to the Attorney General of the State of Illinois and the Illinois Liquor Control Commission," and "pursuant to Chapter 110, Section 82, of the Illinois Revised Statutes and Rules of the Supreme Court, the filing of the Bond on Appeal operates as a supersedeas and stays the enforcement of said order pending the Appeal."

The complaint further alleged "that on November 14, 1967, the defendant, notwithstanding the supersedeas bond, arrested the plaintiff and closed his business and charged plaintiff with operating without a State Retail Liquor License," and "since November 14, 1967, plaintiff's business has been closed and the defendant has stated that he will arrest the plaintiff if he attempts to reopen his business."

The prayer of the complaint was that the defendant sheriff and his employees be restrained from arresting the

135

plaintiff or interfering with the operation of his business "until the Appeal to the Appellate Court of Illinois, First District, . . . Case No. 67 L 14382 has been disposed of."

Thereafter, Judge Daniel A. Covelli, a judge of the Circuit Court of Cook County, entered an order granting a temporary injunction restraining the defendant sheriff from arresting plaintiff or interfering with his business. On December 7, 1967, after a hearing, Judge Covelli entered an order dissolving the temporary injunction entered on November 28, 1967. This is the order from which plaintiff appeals.

On appeal, plaintiff contends: (1) A notice of appeal upon the approval of a bond operates as a supersedeas. (2) The effect of a supersedeas is to preserve the status quo. (3) Violation of a supersedeas may be restrained. (4) The issue presented here is a matter of general public interest.

Defendant contends that the issues presented for review are: (1) May a judge of the Circuit Court of Cook County, sitting in chancery, review and interpret the orders entered by another Circuit Court judge, the latter having heard the merits of the litigation and entered final orders, and who had the power to supplementally hear and determine any dispute arising out of the litigation on the merits? (2) Could the "cost" bond filed in this case be equated with a "supersedeas"? If so, does the supersedeas bond maintain the status quo for the period prior to the commencement of the case in the Circuit Court?

From our view of the determinative issue here, it is unnecessary to discuss either plaintiff's or defendant's contentions and authorities.

In sum, the filing of plaintiff's notice of appeal to the Appellate Court in the administrative review proceedings on November 7, 1967, caused the jurisdiction of the Appellate Court of the First District to attach instanter and during the pendency of that appeal deprived the Circuit

Court of Cook County of jurisdiction to entertain plaintiff's instant complaint.

In City of Chicago v. Myers, 37 Ill2d 470, 227 NE2d 760 (1967), it is said (p 472):

> "The jurisdiction of the appellate court attaches upon the proper filing of a notice of appeal. Thereafter, excepting certain instances not here concerned, the cause is beyond the jurisdiction of the trial court. This court in Brehm v. Piotrowski, 409 Ill 87, 90, declared: 'Filing of a notice of appeal within due time causes jurisdiction of the reviewing court to attach instanter and deprives the lower court of jurisdiction. Also, this court does not possess jurisdiction to review proceedings of the lower court which happened after the notice of appeal was filed and served.' "

The Circuit Court was without jurisdiction on November 28, 1967, to enter the temporary injunction order restraining the sheriff. Supreme Court Rules 305 and 328 provide procedure whereby plaintiff could have ascertained in the administrative review proceedings now pending in this court whether the notice of appeal and bond operated as a supersedeas and the extent of its application.

For the reasons given, it follows that the order of the Circuit Court of Cook County dissolving the temporary injunction was proper, and that order is affirmed. The cause is remanded to the Circuit Court of Cook County with directions to dismiss plaintiff's instant complaint.

Affirmed and remanded with directions.

BURMAN, P. J. and ADESKO, J., concur.