People of the State of Illinois, Plaintiff-Appellee,
v. Denny Hayes, Defendant-Appellant.

Gen. No. 68–109.

Second District.

May 15, 1969.

John F. McNamara and John T. Beynon, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney of Winnebago County, of Rockford, and John C. Tower, Assistant State's Attorney, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

On June 25, 1967, the defendant, Dennis (Denny) Hayes, was arrested for the crime of theft. Thereafter, on October 19, 1967, he pled guilty to the charge. Various proceedings, not essential to a determination of this ap-

peal, took place and on June 10, 1968, the defendant was denied probation and sentenced to the penitentiary for a term of 1 to 10 years. Because emergency hospital care was required, he was taken to the penitentiary immediately after sentence was pronounced.

On July 26, 1968, the defendant filed his notice of appeal from both the judgments of October 19, 1967, and June 10, 1968. Thereafter, on November 25, 1968, the defendant, through his attorney, the public defender, filed a petition to amend the mittimus. The petition, in addition to the matters set forth above, alleged that at the time of sentencing "the trial court knew how long the defendant had been in custody pending sentence and took this into consideration in sentencing the defendant; that the warden has refused to allow the defendant credit for the time served in the Winnebago County Jail; that the mittimus does not specify that the time to be served on the sentence is to begin as of the original date of incarceration, June 25, 1967; and, that unless the mittimus is amended to show that the sentence is to start as of the initial date of incarceration, June 27, 1967, the defendant will suffer irreparable harm in his right to due process under the 5th amendment to the U. S. Constitution and in violation of his right to be protected against cruel and unusual punishment as guaranteed by the 8th amendment to the U. S. Constitution."

The following day, November 26, 1968, the public defender and the state's attorney appeared before the court (the defendant not being present) and after a short discussion was had, there being no witnesses sworn and examined or other evidence introduced, the following colloquy took place between the court and counsel:

THE COURT: "You say he was in the Winnebago County jail from what date?"

MR. McNAMARA: "June 25, 1967 until the day you sentenced him, June 10, 1968."

■■■■■■

THE COURT: "I consider the fact he tried to swallow razor blades on two different occasions, and on one occasion it was very expensive to the County because he had to go to the hospital and be there for some time, and they had to hire someone to watch him during that time, and it is certainly improper conduct for him to swallow three or four razor blades on the day he came up for his hearing.

"And if I have the discretion in the matter, I will not allow any time for his confinement in the jail, in the County jail.

"He has got to be there at least long enough so that they can find out what does or does not make him click."

MR. McNAMARA: "I can't change the Court's mind, but the Court could have sentenced him from two to ten years if that had been your wish."

THE COURT: "Well, that is my decision."

MR. McNAMARA: "Yes, sir. Thank you very much.

"I would like that this be transcribed to include in the record of appeal.

"We have already filed that with the Court, the prior record for our appeal, but we will re-submit it with this included, or whatever the procedure is."

THE COURT: "Yes. You may do that. You arrange for that."

A minute order discloses that the petition was denied.

In sequence the briefs of the parties were filed in this Court. Defendant's brief states that there is but one issue:—Did the court err in denying the petition to amend the mittimus to indicate that the defendant should receive credit on his sentence for the period of time he was confined in the County jail awaiting to answer the charge for which he was eventually incarcerated?

This court, during oral argument, brought to the attention of the defendant the fact that his notice of appeal

did not include the order of the trial court upon which he based his appeal. Thereafter, upon stipulation of the parties, leave was granted to amend the notice of appeal in accordance with Supreme Court Rule 606(d) so as to include the order of November 26, 1968.

■ Although neither party has raised the question, this Court believes it to be obvious that the trial court was without jurisdiction to pass on the petition filed before it some 169 days after judgment and execution upon such judgment was had.

■ "When a person accused of a crime has been convicted, sentenced and delivered into the custody of the proper officer of the penitentiary under a mittimus, the court rendering the judgment and imposing the sentence loses jurisdiction over the case and is without power to vacate, set aside or modify the judgment." The People v. Wakeland, 15 Ill2d 265, 269, 154 NE2d 245 (1958); The People v. Putnam, 398 Ill 421, 425, 76 NE2d 183 (1947); and The People v. McKinley, 371 Ill 190, 193, 20 NE2d 498 (1939).

Therefore the judgment of the trial court denying relief prayed for in the petition to amend the mittimus is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.