THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL J. KLEBA, Defendant-Appellant.

(No. 54297;

First District—August 31, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

Our view of these proceedings requires dismissal of this appeal because we lack jurisdiction of the issue presented. A brief summary of the facts will disclose the reason that compels this conclusion.

On February 1, 1968, in three indictments alleging offenses committed on January 21, 1968, defendant was charged with the robbery of a fourteen year old boy, indecent liberties with a child, deviate sexual assault on the same youth, robbery of two women and the robbery and rape of a third. October 25, 1968, (evidently, while he was on bond awaiting trial), two indictments were returned alleging that on October 18 defendant raped two young women.

The five indictments came to trial before Judge James D. Crosson in the criminal division, circuit court of Cook County. Defendant appeared with counsel of his choice, who, when the State announced ready for the trial of one indictment, requested a plea-bargaining conference. With defendant's consent, the request was granted. After the conference, counsel told Judge Crosson in open court that defendant wanted to plead guilty to the several indictments. Thereafter, defendant was admonished concerning the consequences of his desire to plead guilty. He persisted. Judge Crosson accepted his pleas. Thereafter, defendant was sentenced to serve two sentences of not less than one nor more than ten years for the robberies, two sentences of not less than four nor more than twelve

years for two of the three rapes and not less than fifteen nor more than forty-five years for the third rape charge. After imposition of the sentences, defendant was advised of his right to appeal. December 17, 1968, defendant, acting on his own behalf, filed a notice of appeal to this court.

On January 29, 1969, represented by two attorneys who knew of the notice of appeal, defendant filed a petition "[f]or withdrawal of pleas of guilty heretofore entered in these causes on December 9, 1968." The principal allegation was that defendant was induced to tender his pleas of guilty by his then retained counsel who led him "[t]o believe that the sentence he would receive in full for all offenses charged, in the event of his entry of a plea of guilty thereto, would not exceed the term of ten to twenty years." The petition was denied. Thereafter, the record was docketed in this court.

In pressing his appeal the issue defendant presents is whether he was entitled to a formal hearing to present evidence in support of his petition. In its reply, the State calls attention to defendant's notice of appeal. It argues that the notice removed the case from the trial court and attached it to this court. Therefore, the trial court did not have jurisdiction over defendant's petition for leave to withdraw his pleas of guilty. This contention impels consideration of the trial court's jurisdiction and of ours, as well.

■■ The appeal to this court was perfected when defendant filed his notice with the clerk of the trial court. Supreme Court Rule 606(a); Ill. Rev. Stat. 1967, ch. 110A, § 606(a). The jurisdictional effect of filing a notice of appeal is well established in this State. In *City of Chicago v. Myers*, 37 Ill.2d 470, 472, 227 N.E.2d 760, it was said that: "The jurisdiction of the appellate court attaches upon the proper filing of a notice of appeal. Thereafter, excepting certain instances not here concerned, the cause is beyond the jurisdiction of the trial court." This rule applies in both civil and criminal cases. See *Wolcott v. Village of Lombard*, 387 Ill. 621, 57 N.E.2d 351 and *People v. DeMarino*, 72 Ill.App.2d 38, 219 N.E.2d 132.

*Brehm v. Piotrowski*, 409 Ill. 87, 98 N.E.2d 725 discusses the rule and its limiting effect on the jurisdiction of a reviewing court. The court said: "Filing of a notice of appeal within due time causes jurisdiction of the reviewing court to attach instanter and deprives the lower court of jurisdiction. Also, this court does not possess the jurisdiction to review proceedings of the lower court which happened after the notice of appeal was filed and served." 409 Ill. at 90.

■■ In this case defendant filed his notice of appeal on December 17, 1968. This action effectively terminated the trial court's jurisdiction and commenced ours. (*Nye v. Nye*, 342 Ill.App. 11, 94 N.E.2d 909.) The

notice of appeal, however, invested this court with power over only those issues which arose prior to the filing of the notice. (*Butler v. Palm,* 36 Ill.App.2d 351, 184 N.E.2d 633.) Therefore, our jurisdiction is limited to a review of questions existing at the time the notice of appeal was filed. (See *Shapiro v. DiGuilio,* 95 Ill.App.2d 184, 237 N.E.2d 771 and compare *People v. Hayes,* 108 Ill.App.2d 359, 247 N.E.2d 809.) Since appellant's sole issue concerns only the January 29, 1969, hearing, a proceeding subsequent to the notice, we have no jurisdiction. The appeal is dismissed.

Appeal dismissed.

SCHWARTZ, and GOLDBERG, JJ., concur.