THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LONNIE T. HARVEY, Defendant-Appellant.

(No. 55394;

First District—March 27, 1972.

*Supplemental Opinion—May 30, 1972.*

500

Charlotte Adelman, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Larry S. Boress, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

Following a bench trial, Lonnie T. Harvey was found guilty of the offenses of involuntary manslaughter, driving while license revoked, leaving the scene of an accident involving personal injuries, and failure to report such accident within 48 hours of its occurrence. The trial court entered judgment on each of the findings and sentenced the defendant as follows: three to six years in the Illinois State Penitentiary for the involuntary manslaughter, one year in Cook County Jail for driving while license revoked, a $500 fine, suspended, for leaving the scene of an accident, and one year in Cook County Jail for failure to report the accident within 48 hours. Defendant appeals.

■■■ Although neither defendant nor the State has briefed or argued the issue, we must first consider the threshold question of this court's jurisdiction to entertain the issues raised by defendant in his brief. Appeals to this court in both civil and criminal cases are governed by Supreme Court Rules which provide that an appeal is perfected by the filing of a notice of appeal in the trial court and that such notice of appeal shall specify the judgment from which the appeal is taken. This is the only jurisdictional step in the appellate process. (See Supreme Court Rules 301, 303 and 606, Ill. Rev. Stat. 1969, ch. 110A, pars. 301, 303 and 606.) Similarly, the scope of review in this court is limited, *inter alia*, to the judgment appealed from. See Supreme Court Rules 366 and 615, Ill. Rev. Stat. 1969, ch. 110A, pars. 366 and 615.

■■ The trial court found defendant guilty of four offenses, entered judgment on each finding and imposed a separate sentence for each offense. The totality of the issues raised by defendant ultimately reaches each of the judgments. The record on appeal, however, contains a notice of appeal from the judgment on the charge of involuntary manslaughter only. We conclude that this court's jurisdiction is limited to the issues raised with respect to that judgment only. (*People v. Ilg*, 1965, 60 Ill.App.2d 295, 210 N.E.2d 20.) These issues are:

1) That the evidence was not sufficient to establish defendant's guilt;
2) That he was without effective assistance of counsel; and
3) That the sentence imposed is excessive and should be reduced.

The charges against the defendant arose from an occurrence in which Mrs. Helen Hamill and her four year old daughter Cheryl were struck by a truck owned by Arthur Little, shortly after 9:00 P.M. on August 3, 1969, as they crossed Damen Avenue at its intersection with 35th Street in the City of Chicago. As a result of that Occurrence Mrs. Hamill sustained multiple injuries and Cheryl Hamill was killed. The issue raised by defendant with respect to the sufficiency of the evidence relates only to his identification as the driver of the offending vehicle. We, therefore, consider it appropriate to limit our discussion of the evidence presented to the trial court to that which bears on the identification issue.

Arthur Little, owner of the vehicle, testified that defendant, his brother-in-law, used the truck on the morning of the date in question as his mode of conveyance to the witness' grocery store in which defendant worked on a part-time basis. Mr. Little later drove to the store in his automobile. Late in the afternoon both he and the defendant went to a gas station, each in the vehicle which he had used earlier in the day. Mr. Little left defendant and the truck at the gas station and returned to his home, arriving there before 6:00 P.M.

Mr. Little further testified that defendant came to his home after 9:00 P.M. and at that time returned the keys to the truck. Shortly after defendant departed, two police officers arrived at his home and informed him that his truck had been involved in an accident. The remainder of Mr. Little's testimony details the efforts made by him and the police to locate the defendant.

Oleary Clark, a sister-in-law of both Mr. Little and the defendant, lived in the same building as Mr. Little. She testified that she saw Little in his apartment at approximately 5:30 P.M. on the date in question and did not leave his company until about 8:00 P.M. When she left his apartment she went across the street and sat with a friend, one Petola Todd, on the latter's front porch. From that vantage point she observed the defendant as he arrived in Mr. Little's truck at approximately 9:30 P.M. He parked the truck on the north side of the street, opposite Mr. Little's apartment building and then entered that building. Her testimony does not indicate whether she saw defendant leave the building.

She later observed two men as they attempted to gain entrance to the building. She asked them who they were looking for and was informed that they were police officers looking for the owner of the truck. She took them to Mr. Little's apartment where they found him sleeping on the couch. The truck was not moved between the time it was parked by the defendant and the arrival of the police officers.

Defense witness John E. Williams testified that he saw defendant and Mr. Little at a gas station between 6:00 and 6:30 P.M. on the date in question. They were in the office area of the station and were drinking from a bottle. He joined them in a couple of drinks. Mr. Little departed about 10 minutes after the witness' arrival and defendant left to obtain more liquor. He last saw the defendant at approximately 8:00 P.M. When the witness left the station between 8:00 P.M. and 8:30 P.M. the defendant had departed but the truck belonging to Mr. Little was still parked at the station.

Lonnie T. Harvey testified on his own behalf and admitted to having driven the truck involved in the manslaughter on the date in question. However, he denied having driven it after parking it in the service station shortly after 3:30 P.M. He further testified that he took a cab from the station to his home and went directly to bed. The next thing that he could remember was being awakened by his father around midnight. His father advised him that the truck had been involved in an accident and that the police were looking for him. He stated that he was going to go to the police station to straighten the matter out, but his father indicated his belief that the police would harm defendant if they found him. Instilled with fear by reason of his father's statement, defendant spent the remainder of the night at his brother's house and then flew to California the following day. He returned to Chicago voluntarily when he learned that a child had been killed in the accident.

■■■ Defendant does not contend that the circumstantial evidence presented by the State on the issue of the identity of the driver was insufficient to establish a *prima facie* case. Rather he attacks the credibility of the prosecution witnesses, pointing specifically to the relationship between Mr. Little and Mrs. Clark, Clark gauged her estimates of the times at which the events to which she testified occurred was by the waning of daylight, and to certain minor discrepancies in the testimony of the prosecution witnesses as to the time defendant arrived at the service station and later at Mr. Little's apartment. Each of these factors bears upon the credibility of the witnesses. They are not of such magnitude, however, either singly or cumulatively, to totally discredit their testimony. In the final analysis the question of defendant's innocence or guilt was determined by the trial court's assessment of the credibility of the witnesses presented by the State, whose testimony if believed circumstantially established that defendant was the driver of the offending vehicle, and of the witnesses for the defense, whose testimony if believed established an alibi defense. This court has long recognized that it is in no position to rationally dispute the trial court's assessment of the credibility of witnesses. The testimony of the prosecution witnesses

was sufficient to establish defendant's guilt beyond a reasonable doubt.

Defendant next contends that he was without effective assistance of counsel. The record reveals that counsel employed by the defendant had apparently moved from the State prior to the date of trial and had arranged for substitute counsel only the day prior to trial. After noting that a substantial number of continuances had been previously granted and that the cause had been specifically set for trial by original defense counsel, the court denied new counsel's motion for a continuance. The cause was continued until that afternoon. During the interim the files of both the prosecution and the court were opened to defense counsel. The prosecutor advised counsel of all the evidence which it was prepared to introduce upon the trial of the cause.

When the case was called in the afternoon defense counsel informed the court that he would be unable to try the matter as he had reservations to leave for vacation on the following day. He further stated to the court that his associate, of whom it was said lacked experience in trying a volume of criminal cases, would try the case if a continuance could not be had. Defendant agreed to this arrangement.

It is now urged that defendant was forced to proceed to trial with inexperienced counsel who was denied adequate time to prepare for trial, and was therefore prejudiced in the following particulars: that counsel failed to request grand jury testimony and other written matter for use in the cross-examination of prosecution witnesses; that counsel failed to object to certain hearsay evidence concerning a conversation alleged to have taken place between a police officer and defendant's mother; that counsel had no opportunity to obtain a transcript of the preliminary hearing or to learn if there were witnesses who could contradict the testimony of those called by the State.

█▌██ Considering these allegations of prejudice in order, we note that the first must fall by reason of inconsistency with the record. The report of proceedings clearly reveals that counsel not only requested and received such written documents as were in the possession of the prosecution, but also effectively used them in the cross-examination of prosecution witnesses. Counsel's failure to object to that which has been here characterized as hearsay testimony was clearly within the bounds of acceptable trial strategy. Moreover, the testimony involved bore no relation to any of the controverted issues, but was merely collateral. Finally, there is no suggestion that if allowed additional time counsel would have unearthed additional and necessary witnesses for the defense. We conclude that defendant was not denied effective assistance of counsel by reason of the trial court's denial of his motion for a continuance.

■■■ Finally defendant argues that the sentence imposed is excessive and that this court should therefore undertake to reduce it pursuant to the authority vested in us by Supreme Court Rule 615. It is the well established practice of this court to invoke that authority only in those cases where the sentence imposed by the trial court, although within the limits prescribed by the legislature, is clearly disproportionate to the nature of the particular offense of which the defendant stands convicted. We do not consider the sentence imposed by the trial court in the instant case, when considered in light of the magnitude of the offense, to require our intervention.

For these reasons the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.

## SUPPLEMENTAL OPINION

Mr. JUSTICE LYONS delivered the opinion of the court:

Lonnie T. Harvey was found guilty of the offenses of involuntary manslaughter, driving while license revoked, leaving the scene of an accident, and failure to report an accident with 48 hours. On appeal to this court both defendant and the State briefed and argued issues which ultimately reached the validity of each of the judgments. In an opinion filed March 27, 1972, this court affirmed the conviction for involuntary manslaughter and declined to consider any of the points raised with respect to the other judgments, noting lack of jurisdiction due to the notice of appeal having been limited to the involuntary manslaughter judgment. See *People v. Harvey* 1972, (Ill.App.3rd), filed March 27, 1972.

■■ Defendant has now moved for leave to amend the notice of appeal to include the previously omitted judgments pursuant to Supreme Court Rule 606 (d) (Ill. Rev. Stat. 1971, ch. 110, par. 606 (d) ) and for this court to consider on the merits the points previously briefed and argued with respect to those judgments. We believe that the interests of justice would be served by a favorable ruling on the motion and it is accordingly allowed. (See *People v. Hayes,* 1969, 108 Ill.App.2d 359, 247 N.E.2d 809.) Defendant's petition for rehearing with respect to the involuntary manslaughter conviction is denied.

We need not again detail the evidence presented at trial referring to the additional judgments here considered as we deem it to have been sufficiently summarized in the opinion previously filed. The issues which we now consider are:

1) Whether the defendant was proven guilty beyond a reasonable doubt;
2) Whether defendant was denied effective assistance of counsel;
3) Whether the trial court improperly imposed multiple sentences for offenses arising from the same conduct; and
4) Whether the sentences are excessive and were imposed as result of the trial court's having considered improper and factually incorrect information with respect to defendant's prior driving record.

■■ The first two of these issues are to be resolved by reference to the same evidence and under the same standards as were their counterparts dealing with the involuntary manslaughter conviction. We here adopt the reasoning and conclusions expressed in our prior opinion with respect to these issues.

■■ Defendant's contention, not responded to by the State, that the imposition of multiple sentences was error since all the offenses arose from the same conduct is untenable. The single common factor among them is that they all relate to the defendant's having operated a motor vehicle. (See *People v. Adams* 1969, 113 Ill.App.2d 276, 252 N.E.2d 65.) The offense of driving while license revoked was a continuing offense. The offense of leaving the scene of an accident could not be committed until all of the acts upon which the charge of involuntary manslaughter rests were complete. Similarly, the offense of failure to report an accident was not complete until 48 hours following the occurrence.

■ ■ Finally, defendant contends that the sentences imposed are excessive and are the result of the trial court's having improperly considered erroneous information orally conveyed by the prosecutor. (The sentences with which we are here concerned are as follows: leaving the scene of an accident, $500 fine, suspended; and one year in Cook County Jail for each of the offenses of driving while license revoked and failure to report the accident within 48 hours.) The prosecutor informed the court that defendant had been twice convicted of driving while intoxicated. On appeal the defendant has amended the record to documentarily establish that he has not been adjudged guilty of the two charges of driving while intoxicated which had admittedly been placed against him. Each of these charges resulted in a bond forfeiture. Section 6—204 of the Motor Vehicle Code (Ill. Rev. Stat. 1967, ch. 95½, par. 6—204 (b) ) provides that for purposes of the act of which the Code constitutes a part, bond forfeitures shall be equivalent to a conviction. The sentences which are now at issue were imposed as the result of finding that defendant had violated certain provisions of that same

508

statutory enactment. In view of the statute, we conclude that it was not improper for the court to consider the bond forfeitures as convictions for the purpose of determining an appropriate sentence within the limits prescribed by the legislature in the Motor Vehicle Code.

The judgments of the Circuit Court are affirmed. However, our disposition of the appeal should not be viewed as an endorsement of that portion of the judgment order which purports to suspend indefinitely the fine imposed upon the finding of guilty on the charge of leaving the scene of an accident. That portion of the order is void as beyond the jurisdiction of the court. See *Village of Park Forest v. Bragg*, 1967, 38 Ill.2d 225, 230 N.E.2d 868; *People v. Adams* 1962, 73 Ill.App.2d 1, 220 N.E.2d 17.

Judgments affirmed.

GOLDBERG, P. J., and BURKE, J., concur.