THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEWEL CARTER, Defendant-Appellant.

First District (3rd Division)    No. 78-1594

Opinion filed December 10, 1980.

636

Ralph Ruebner and Gary Jay Ravitz, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Robert J. Kaiser, Jr., Assistant State's Attorneys, of counsel), for the People.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The defendant, Jewel Carter, was indicted for rape, robbery, attempt murder, deviate sexual assault and two counts of aggravated battery. After seven hours of deliberations the jury returned a guilty verdict on the charge of aggravated battery with a deadly weapon and not guilty verdicts on the charge of aggravated battery causing great bodily harm and deviate sexual assault. The trial judge entered judgment on the guilty verdict and declared a mistrial *sua sponte* on the rape, robbery and attempt murder charges because the jury did not reach verdicts on those charges. The defendant's motion for a new trial on the aggravated battery conviction was denied and he was sentenced to a term of two- to six-years imprisonment. The defendant's subsequent motion to

dismiss the remaining charges of rape, robbery and attempt murder on the grounds of double jeopardy and improper joinder was denied and he thereafter pleaded guilty to rape and robbery and was sentenced to terms of seven and three years respectively. The attempt murder charge was dismissed.

On appeal the defendant contends that his second prosecution for the offenses of rape, robbery and attempt murder subjected him to double jeopardy in violation of his constitutional rights. He argues that the trial court's *sua sponte* declaration of a mistrial was manifestly unnecessary and an abuse of discretion, that the charges of aggravated battery and attempt murder constituted the same offenses for purposes of double jeopardy and that his conviction for the lesser included offense of aggravated battery constituted an acquittal on the greater charge of attempt murder.

During the pendency of this appeal the State filed a motion to dismiss because of the defendant failed to file a timely notice of appeal. We took this motion with the case and now find that we lack jurisdiction to hear the defendant's appeal of his rape and robbery convictions.

Judgment was entered on the defendant's conviction for aggravated battery with a deadly weapon on June 23, 1977. On that same day the defendant moved for directed verdict on the attempt murder charge because the aggravated battery conviction was a lesser included offense. This motion was denied. The defendant was sentenced on July 29, 1977, and his motion for a new trial on the aggravated battery conviction was denied. The defendant filed a notice of appeal on August 4, 1977. The relevant portion of that notice included the following:

"An appeal is taken from the order or judgment described below:

* * *

(4) Date of Judgment or order: August 4, 1977
(5) Offense of which convicted: Agg. Battery (dangerous weapon count)
(6) Sentence: 2-6 yrs.
(7) If appeal is not from a conviction, nature of order appeal from: [blank]."

On September 14, 1977, the defendant filed with the trial court a motion to dismiss the rape, robbery and attempt murder indictments alleging double jeopardy. This motion was denied by the judge who presided over the defendant's first trial. The defendant's second trial before another circuit court judge commenced on February 23, 1978. The defendant did not renew his double jeopardy argument and instead pleaded guilty to rape and robbery. Judgments were entered on the guilty pleas and the defendant was sentenced. A notice of appeal was never filed from the subsequent proceeding and convictions.

■■ The only jurisdictional step in the perfection of a criminal appeal is the filing of the notice of appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 606(a).) The right to appeal final judgments is guaranteed by the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, §6), but the procedures for effecting this right to appeal are purely statutory (i.e., Illinois Supreme Court Rules) and must be complied with in order to invoke the appellate court jurisdiction. (*People v. Allen* (1977), 49 Ill. App. 3d 108, 363 N.E.2d 892, *rev'd on other grounds* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283.) Illinois Supreme Court Rule 606(b) generally governs the time for filing the notice of appeal in a criminal case. It provides that except in certain specified cases, the notice of appeal shall be filed within 30 days after entry of the judgment appealed from or within 30 days after entry of an order disposing of a motion directed against the judgment. Ill. Rev. Stat. 1977, ch. 110A, par. 606(b).

■■ In the instant appeal, although the defendant is seeking a reversal of his rape and robbery convictions, he did not file a notice of appeal *after* judgment was entered on his guilty pleas. The defendant contends, however, that his timely notice of appeal from the aggravated battery conviction gives this court jurisdiction to consider his double jeopardy claims. We cannot agree. Generally, upon the proper filing of a notice of appeal the jurisdiction of the appellate court attaches instanter and the lower court is thereafter deprived of jurisdiction. The appellate court's jurisdiction extends only to proceedings of the trial court which happened before the notice of appeal was filed and served (*People v. Kleba* (1971), 1 Ill. App. 3d 563, 275 N.E.2d 174), and the scope of review is limited to the judgment specified in the notice (*People v. Harvey* (1972), 5 Ill. App. 3d 499, 285 N.E.2d 179, *cert. denied* (1973), 410 U.S. 983, 36 L. Ed.2d 179, 93 S. Ct. 1504).

■■ In the instant case the defendant's only notice of appeal was filed on August 4, 1977. That notice specified that the appeal was being taken from the judgment dated August 4, 1977, relative to the defendant's conviction of aggravated battery. At that point, the defendant had not presented a motion to dismiss the remaining indictments based on double jeopardy principles. Thus, the defendant's notice of appeal merely empowered this court with jurisdiction to consider the aggravated battery judgment, not the convictions of rape and robbery obtained after the notice of appeal was filed.

■■ The defendant further argues judicial economy and that his claim of double jeopardy raises a significant constitutional deprivation that should outweigh any failure to comply with the procedural technicality of filing a notice of appeal. The cases cited by the defendant, *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, and *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496, are distinguishable because jurisdiction was

not in issue. Both cases were properly before their respective courts on appeal. In *Lilly* the supreme court exercised its jurisdiction to vacate an incomplete judgment entered, whereas in *Pendleton* the court elected to consider an error waived by the defendant under the plain-error rule (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)). The filing of a timely notice of appeal is more than a mere procedural technicality. It confers jurisdiction on this court, the absence of which prevents a consideration of the appellant's claimed errors. Since for the reasons stated above we lack jurisdiction, we cannot address the defendant's double jeopardy argument.

The defendant has not briefed or argued any points relative to his aggravated battery conviction. We, therefore, find that he has waived any errors in this regard. See *People v. Goss* (1960), 20 Ill.2d 224, 170 N.E.2d 113, *cert. denied* (1961), 365 U.S. 881, 6 L. Ed. 2d 192, 81 S. Ct. 1029; *People v. Jimerson* (1979), 69 Ill. App. 3d 403, 388 N.E.2d 10; Ill. Rev. Stat. 1977, ch. 110A, pars. 341, 612(j).

Accordingly, the defendant's appeal is dismissed.

Appeal dismissed.

McNAMARA and RIZZI, JJ., concur.