THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE GONZALES, Defendant-Appellant.

Second District   No. 2—87—1205

Opinion filed February 1, 1989.

Mary J. Clark, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, George Gonzales, appeals from a September 8, 1987, order of the trial court which fixed the amount of restitution he was obligated to pay and from a November 18, 1987, order denying his motion to reconsider the earlier order of restitution. His sole appellate contention is that the trial court's order of restitution was erro-

neous because the State failed to adduce proper or sufficient evidence of damages.

On November 3, 1986, the defendant entered a negotiated plea of guilty to the offense of criminal damage to property valued under $300 (Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a)) as a result of damage he caused on May 4, 1986, to the hydraulic system of a 1983 Ford tow truck the victim, Michael Hussey, owned. In return for the guilty plea, the State nol-prossed the remaining charges of criminal trespass to land and assault. (Ill. Rev. Stat. 1987, ch. 38, pars. 21—3(a), 12—1(a).) After accepting the guilty plea and entering a judgment of conviction, the court sentenced the defendant to conditional discharge for a period of 12 months with the first 30 days to be served as periodic imprisonment. The court also assessed court costs against the defendant and required him to make restitution in an amount the court would later determine after holding a hearing concerning that matter.

On September 8, 1987, after conducting an evidentiary hearing, the court below ordered the defendant to pay restitution to Michael Hussey in the amount of $1,166.18. On November 6, 1987, after obtaining leave of court, the defendant filed a motion to reconsider the order of restitution. The court denied that motion on November 18, 1987, and the defendant filed the present notice of appeal on December 18, 1987.

At the outset we note that in its appellate brief the State advances two separate arguments in support of its contention that this court lacks jurisdiction to entertain the current appeal. The crux of one of the State's jurisdictional arguments is that the defendant failed to file his motion to reconsider the order setting the amount of restitution within 30 days of the court's order, as section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c)) mandates, and, thus, the time for filing the notice of appeal under Supreme Court Rule 606(b) (107 Ill. 2d R. 606(b)) expired 30 days after the entry of the court's restitution order. Inasmuch as we agree with the State that the appeal is not properly before us for this reason, we will limit our discussion below to this dispositive jurisdictional defect.

Supreme Court Rule 606(a) makes clear that the filing of the notice of appeal is the only jurisdictional step in the perfection of a criminal appeal. (107 Ill. 2d R. 606(a); *People v. Carter* (1980), 91 Ill. App. 3d 635, 638, 415 N.E.2d 17, 19.) Rule 606(b) prescribes, with one exception that is not applicable here, that the notice of appeal must be filed in the circuit court no later than 30 days after the entry of the final judgment that forms the basis of the appeal or within 30

days after the court's entry of the order disposing of a *timely* motion directed against the judgment. (107 Ill. 2d R. 606(b); *People v. Carter*, 91 Ill. App. 3d at 638, 415 N.E.2d at 19.) Section 5—8—1(c) of the Unified Code of Corrections, which took effect on August 21, 1987 (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c))—before the court's restitution order was filed on September 8, 1987—expressly provides that "[a] motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c).

██ █ It is manifest that a sentence is the final judgment in a criminal case. (*People v. Caballero* (1984), 102 Ill. 2d 23, 51, 464 N.E. 2d 223, 236.) Without a sentence, the judgment is not final, and an appeal may not be taken. (*People v. Dixon* (1982), 91 Ill. 2d 346, 352, 438 N.E.2d 180, 183.) In the case at bar, the final judgment was entered on September 8, 1987, when the trial court set the amount of restitution. (See, *e.g., People v. Biederman* (1981), 100 Ill. App. 3d 558, 426 N.E.2d 1225.) Thus, in this case the 30-day period for filing the notice of appeal in accordance with Rule 606(b) began to run on September 8, 1987, when sentencing was completed, or upon the denial of a timely motion to reconsider. See, *e.g., People v. Clark* (1979), 80 Ill. App. 3d 46, 48, 399 N.E.2d 261, 263-64; Ill. Ann. Stat., ch. 110A, par. 606, Historical and Practice Notes, at 92 (Smith-Hurd 1985).

An examination of the record on appeal reveals, in consonance with the State's assertion, that the defendant filed his motion to reconsider the order of restitution on November 6, 1987, a date which is more than 30 days after the September 8, 1987, order of the trial court. The record before the court in this appeal belies the defendant's assertion in his reply brief that he filed his motion to reconsider on October 7, 1987. In this respect we emphasize not only that the motion to reconsider is file-stamped November 6, 1987, but also that on November 6, 1987, the trial court gave the defendant leave to file the motion to reconsider.

The instant case is a classic example of why reviewing courts must insist upon compliance with supreme court rules generally and Rules 341(e)(6) and (e)(7), requiring citation to the record or legal authority for every statement of fact or law, specifically, in briefs. (107 Ill. 2d Rules 341(e)(6), (e)(7).) Defendant's appellate counsel made the bald statement in the reply brief "A Motion to Reconsider *was filed on October 7, 1987.* Hearing on that Motion to Reconsider was not heard until November 18, 1987, when the court denied the Motion to

Reconsider" (emphasis added) without citation to the record for this critical assertion. Indeed, there could be no record citation for this dispositive fact because no such date exists on any document in the record.

■ Strict adherence to the rules aforesaid allows courts of review to ascertain the integrity of parties' assertions of fact and law which is essential to the expeditious and accurate determination of appeals. Counsel are admonished to adhere strictly to the supreme court rules for all aspects of appellate procedure. Our supreme court noted in another context that "[a]t the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them." *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218.

■ In light of the fact that (1) the defendant's motion to reconsider was not timely filed and the notice of appeal was not filed within 30 days of the final order of September 8, 1987, and (2) the defendant has not filed a motion in this court for leave to file a late notice of appeal (107 Ill. 2d R. 606(c)), the defendant's appeal is untimely, and we must dismiss it.

The appeal from the orders of the circuit court is dismissed.

Appeal dismissed.

NASH and DUNN, JJ., concur.