THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRETT BLANCHETTE, Defendant (Michael A. Unger, Appellant).

Second District   No. 2—88—0427

Opinion filed May 11, 1989.—Rehearing denied June 5, 1989.

John M. Kalnins, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Basil G. Greanias, of Decatur (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

After the parties submitted their briefs in this appeal, the State filed a motion in this court which sought to strike the appendix to the reply brief and that portion of the reply brief which referred to and relied upon the appendix on the ground that the appendix was not included in the appellate record. In response, defendant moved to have appellee's motion denied and urged that we not strike that section of the brief but, among other things, contends that the letter he wishes this court to consider is not a part of the record but merely to inform the court of the circumstances of the filing of the notice of appeal. We ordered that the appellee's motion to strike and appellant's motion in response to it be taken with the case.

We grant appellee's motion, taken with the case, to strike the appendix from the reply brief on the basis that attachments to

briefs on appeal, not otherwise before the reviewing court, cannot be used to supplement the record. (*Regal Package Liquor, Inc. v. J.R.D., Inc.* (1984), 125 Ill. App. 3d 689, 691.) We also strike any arguments from the appellant's reply brief that are premised on the appendix. We deny appellant's motion in opposition to appellee's motion to strike that was taken with the case.

■ Next, we look to the notice of appeal. The timely filing of a notice of appeal is necessary to this court's jurisdiction in a criminal case. (107 Ill. 2d R. 606; *People v. Delgado* (1984), 126 Ill. App. 3d 239, 243.) Supreme Court Rule 606(b) provides in part:

> "[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." (107 Ill. 2d R. 606(b).)

The record on appeal clearly shows that the notice of appeal was filed May 2, 1988. The judgment order in this cause was entered on March 30, 1988. The 30 days for filing the notice of appeal expired on April 29, 1988, which was a Friday and not a legal holiday.

The appellant did not file a motion for extension of time to file the notice of appeal in this court either within the 30 days of the expiration of the time for filing the notice of appeal or within six months of the expiration of the time of the filing of the notice of appeal, as provided by Supreme Court Rule 606(c). 107 Ill. 2d R. 606(c).

■ Filing the notice of appeal is jurisdictional, and this court has no discretion to extend its jurisdiction. (107 Ill. 2d R. 606(a); *People v. Scruggs* (1987), 161 Ill. App. 3d 468, 470; see also *People v. Gonzales* (1989), 179 Ill. App. 3d 546, 548.) Failure to file a timely notice of appeal cannot be waived by the parties. (*In re McCall* (1982), 108 Ill. App. 3d 164, 167.) It is the duty of the appellate court to consider its jurisdiction to hear an appeal whether or not the issue is raised by the parties. *Scruggs*, 161 Ill. App. 3d at 470.

■ In criminal appeals, however, there are two exceptions. If a motion, supported by showing a reasonable excuse for failing to timely file a notice of appeal, is filed in the reviewing court no later than 30 days after the expiration of the original 30-day period for filing a notice of appeal, the reviewing court may grant leave to appeal. (107 Ill. 2d R. 606(c); *People v. Williams* (1980), 82 Ill. App. 3d 681, 682.) Or, if a motion, supported by an affidavit showing that the appeal is meritorious and that the failure to file was not due to appellant's culpable negligence, is filed in the reviewing court not later than six months after the expiration of the original 30-day period for

filing the notice of appeal, the reviewing court may grant leave to appeal. (107 Ill. 2d R. 606(c); *Williams*, 82 Ill. App. 3d at 682.) Appellant has not attempted to use such procedure, and accordingly, his appeal should be dismissed. See *Gonzales*, 179 Ill. App. 3d at 550.

■ We do note that contained in appellant's statement of facts is a comment that, "On April 28, 1988, Appellant mailed a notice of appeal to the clerk, and it was stamped as received on May 2, 1988." A statement of fact unsupported by the record cannot confer jurisdiction on this court.

■ Appellant's motion for leave to cite intervening authority was granted, and this court considered *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 340, wherein the supreme court confirmed that notices of appeal mailed within the 30-day period and received thereafter are timely filed. While we recognize this rule, we find no proof of mailing was filed in the instant case. Proof of mailing could have been made by filing with the clerk a certificate of the attorney, or affidavit of a person other than the attorney, who deposited the notice of appeal in the mail, properly addressed, stating the date and place of mailing and the fact that proper postage was prepaid, or a United States Postal Service certificate of mailing. As we ruled earlier, merely attaching a copy of a letter to the clerk to a reply brief cannot stand as a supplement to the record. (See *Regal Package Liquor*, 125 Ill. App. 3d at 691.) The appellant has the burden of including those matters in the record necessary for the issues to be reviewed. *Scruggs*, 161 Ill. App. 3d at 470.

The notice of appeal was then required to be filed "within 30 days after the entry of the final judgment." (107 Ill. 2d R. 606(b).) Defendant's notice of appeal was not timely. We do not have jurisdiction to consider this appeal and, therefore, dismiss it. See *Gonzales*, 179 Ill. App. 3d at 550.

Dismissed.

NASH and REINHARD, JJ., concur.