THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VICTOR M. BARCIK, Defendant-Appellant.

Second District   Nos. 2—03—1045, 2—04—0476 cons.

Opinion filed June 2, 2005.—Rehearing denied July 6, 2005.

1044

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Victor M. Barcik, and his fiancée's evening of drinking and bowling ended unpleasantly when defendant was once again arrested for driving under the influence (DUI). After a jury trial, defendant was convicted of two counts each of aggravated DUI (625 ILCS 5/11—501(a)(2), (c—1)(3) (West 2002)) and enhanced driving while his license was revoked (DWLR) (625 ILCS 5/6—303(a), (d) (West 2002)). Defendant was sentenced to seven years' imprisonment for DUI to run concurrently with a six-year sentence for DWLR. In this consolidated appeal, defendant argues that (1) his multiple convictions for each of his crimes violate the "one-act, one-crime" rule; (2) his extended sentence for DWLR is improper; and (3) the trial court erred in summarily dismissing his postconviction petition. For the reasons that follow, we vacate one of defendant's convictions of both DUI and DWLR, remand his case for resentencing on the remaining

count of DWLR, and dismiss his appeal from the dismissal of his post-conviction petition.

Shortly after midnight on March 1, 2003, defendant was pulled over by Sgt. Charles Yanz of the Wheaton police department after Sgt. Yanz watched defendant's car, which had one headlight out, veer off the road, go onto a curb, go over the curb, and then crash back down onto the road. When Sgt. Yanz approached defendant's car, he smelled a strong odor of alcohol. In the car with defendant were his fiancée, Anita Mazzochi, and two other men. Defendant explained that he and his companions were coming from the Wheaton Bowl, a local bowling alley, and that he was driving because the others were too "messed up" to drive. As it turned out, after defendant failed several field sobriety tests, Sgt. Yanz arrested him for DUI.

At trial, defendant claimed that he was sober at the time of the arrest and that he was forced to drive because everyone else was drunk. Apparently unconvinced, the jury found him guilty of DUI. And because defendant's license was already revoked at the time of the incident, the jury also found him guilty of DWLR. In all, defendant was convicted of the following: (1) driving drunk when his license was revoked for reckless homicide; (2) driving drunk when his license was revoked for three or more DUI convictions; (3) driving with a revoked license when his license had been revoked for DUI; and (4) driving with a revoked license when his license had been revoked for reckless homicide.

On September 15, 2003, the trial court sentenced defendant to seven years for DUI concurrent with six years for DWLR. Two days later, on September 17, defendant filed a timely notice of appeal (No. 2—03—1045).

After defendant filed his notice of appeal, on September 18, the trial court held another hearing in defendant's case. At that hearing, the trial court *sua sponte* vacated one of defendant's convictions of DUI and both of his convictions of DWLR and merged all of defendant's convictions into the sole remaining DUI conviction.

About seven months later, in April 2004, defendant filed in the trial court a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2002)). In his petition, defendant claimed that it was his lawyer's fault that he had been convicted of DUI. On April 9, the trial court dismissed defendant's petition as frivolous and patently without merit. See 725 ILCS 5/122—2.1(a)(2) (West 2002). Over 30 days later, on May 11, defendant filed a notice of appeal (No. 2—04—0476) to which he attached a handwritten note. In the upper right-hand corner of that note the notation "5-5-04" appears.

On October 25, 2004, this court granted defendant's motion to consolidate his appeals. We will now discuss the issues that they present.

Defendant argues that his convictions for two counts of DUI and two counts of DWLR violate the "one-act, one-crime" rule. Pursuant to that rule, multiple convictions are improper if based upon the same physical act. *People v. Latto*, 304 Ill. App. 3d 791, 806 (1999). Whether multiple convictions violate the rule is a question of law, which we review *de novo*. *Village of Sugar Grove v. Rich*, 347 Ill. App. 3d 689, 698 (2004).

Here, both of defendant's convictions for DUI were based on his drunk driving on the night of his arrest. Additionally, both of his convictions for DWLR were based on the fact that defendant's license was revoked at the time. Stated differently, defendant received multiple convictions for one act of drunken driving, and defendant received multiple convictions for one act of driving while his license was revoked. See *People v. DiPace*, 354 Ill. App. 3d 104, 116 (2004) (noting that DUI and DWLR are separate acts). Thus, defendant's multiple convictions for DUI, as well as his multiple convictions for DWLR, violate the "one-act, one-crime" rule. See *Latto*, 304 Ill. App. 3d at 806.

Apparently recognizing a problem, the trial court, at a hearing held three days after defendant was sentenced, *sua sponte* modified its judgment. Specifically, the trial court merged all of defendant's convictions into one count of DUI. There are two problems with the trial court's attempt to correct the judgment against defendant.

■ First, and dispositively, the trial court did not have jurisdiction to modify the judgment against defendant. The filing of a notice of appeal transfers jurisdiction to the appellate court *instanter* and simultaneously divests the trial court of jurisdiction to enter additional orders of substance. *People v. Kolzow*, 332 Ill. App. 3d 457, 459 (2002). Thereafter, the trial court may not enter an order modifying the judgment being appealed. *People v. Slover*, 339 Ill. App. 3d 1086, 1090 (2003). Here, defendant filed his notice of appeal on September 17. Thereafter, on September 18, the trial court entered its order modifying the judgment against defendant. In other words, the trial court modified the judgment after defendant had filed his notice of appeal. Thus, the trial court did not have jurisdiction to modify the judgment and its order doing so is void.

Second, in addition to being void, the trial court's modification was substantively erroneous. The trial court attempted to merge all of defendant's convictions into one count of DUI. However, DWLR does not merge into DUI. *DiPace*, 354 Ill. App. 3d at 117. Instead,

defendant's two DUI counts should have merged into one DUI count, and his two DWLR counts should have merged into one DWLR count. Accordingly, we vacate one of defendant's convictions of DUI and one of his convictions of DWLR, leaving defendant convicted of one count each of DUI and DWLR.

■ The trial court sentenced defendant to seven years for DUI and an extended-term sentence of six years for DWLR. When a defendant is convicted of multiple offenses that are all part of a continuing course of conduct, he or she may be sentenced to an extended-term sentence only for those offenses that are within the most serious class. *People v. Smith*, 345 Ill. App. 3d 179, 190 (2004). Here, after drunkenly driving while his license was revoked, defendant was convicted of DWLR and DUI. That is, defendant was convicted of two offenses that were part of a single, continuing course of conduct. Importantly, because of defendant's prior convictions, DUI is a Class 2 felony (625 ILCS 5/11—501(a)(2), (c—1)(3) (West 2002)), while DWLR is a Class 4 felony (625 ILCS 5/6—303(a), (d—1) (West 2002)). That is to say, DUI is a more serious offense than DWLR. Notwithstanding this fact, the trial court sentenced defendant to an extended term of six years for DWLR. See 730 ILCS 5/5—8—2(a)(6) (West 2002). This was improper. See *Smith*, 345 Ill. App. 3d at 190. Instead, the trial court should have sentenced defendant to a nonextended term of between one and three years for his DWLR conviction. See 730 ILCS 5/5—8—1(a)(7) (West 2002). We remand defendant's case so that the trial court may do so.

To summarize, defendant's multiple convictions for DUI and his multiple convictions for DWLR violate the "one-act, one-crime" rule. Additionally, the trial court's belated attempt to fix the problem is void and its suggested cure improper. After correcting for these errors, defendant should have been convicted of one count of DUI and one count of DWLR, and he should not have received an extended sentence on the DWLR conviction. Thus, we modify the judgment against defendant and remand his case for resentencing on his DWLR conviction.[1]

Consolidated with the above appeal is defendant's appeal from the trial court's summary dismissal of his postconviction petition. Unfortunately for defendant, just as the trial court lacked jurisdiction to modify his judgment, this court lacks jurisdiction to consider the merits of his postconviction arguments. When a defendant wishes to appeal the decision of the trial court, the defendant must file a notice of appeal within 30 days of the entering of the judgment or order he or she wishes to attack. 188 Ill. 2d R. 606(b). The failure to timely file

---

[1]For its part, the State concedes that this is the proper way to proceed.

a notice of appeal deprives this court of jurisdiction to consider the merits of the judgment appealed from. *People v. Fikara*, 345 Ill. App. 3d 144, 152 (2003). Regardless of whether the parties raise the issue, we have an independent duty to consider our appellate jurisdiction. *People v. Fuller*, 187 Ill. 2d 1, 7 (1999). Here, neither of the parties challenges this court's jurisdiction. Yet, the record shows that defendant's notice of appeal was not filed until more than 30 days after his postconviction petition was dismissed. Thus, we do not have jurisdiction to consider the merits of defendant's appeal.

The above conclusion is not undermined by appellate counsel's statement that the "[n]otice of appeal was timely mailed from the Department of Corrections on May 5." Although it is true that attached to defendant's notice of appeal is a handwritten letter that appears to be dated May 5, and notwithstanding that a notice of appeal is timely if mailed within 30 days of the entering of the judgment or order appealed from (*People v. Blanchette*, 182 Ill. App. 3d 396, 399 (1989)), the notation on the attachment to defendant's notice of appeal is insufficient to establish that his appeal is timely. To establish timely mailing, a party must provide proof of mailing. *Blanchette*, 182 Ill. App. 3d at 399. Here, defendant has provided no such proof. Indeed, even if writing the date of mailing on the notice of appeal were sufficient proof (which it is not), defendant has not even done that much. Instead, he simply makes a notation on a handwritten attachment to the notice of appeal; a notation that, assuming it is a date, is likely the date of the letter's writing, which is not necessarily the date of its mailing. Thus, defendant's appeal was not timely, and consequently, this court has no jurisdiction to consider it. See *Blanchette*, 182 Ill. App. 3d at 399 ("While we recognize this [mailbox] rule, we find no proof of mailing was filed in the instant case. *** The appellant has the burden of including those matters in the record necessary for the issues to be reviewed. *** Defendant's notice of appeal was not timely").

In sum, for the reasons stated, the judgment of the circuit court of Du Page County in case No. 2—03—1045 is affirmed in part and vacated in part, and the cause is remanded. Case No. 2—04—0476 is dismissed.

No. 2—03—1045, Affirmed in part and vacated in part; cause remanded.

No. 2—04—0476, Appeal dismissed.

CALLUM and GILLERAN JOHNSON, JJ., concur.