No. 3--07--0138

_____

Filed March 20, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

STANDARD MUTUAL INSURANCE        ) Appeal from the Circuit Court
COMPANY,                         ) of the 12th Judicial Circuit,
                                 ) Will County, Illinois,
    Plaintiff-Appellee,         )
                                 )
                                 ) No. 06--MR--623
    v.                          )
                                 )
JIMMIE ROGERS,                   ) Honorable
                                 ) Barbara Petrungaro,
    Defendant-Appellant.        ) Judge, Presiding.
_____

    PRESIDING JUSTICE McDADE delivered the opinion of the court:
_____

    The plaintiff, Standard Mutual Insurance Company, filed a declaratory judgment action, alleging that it had no duty to provide uninsured motorist benefits to the defendant, Jimmie Rogers. Both parties moved for summary judgment, and the circuit court found in favor of the plaintiff. On appeal, the defendant argues that the circuit court erred when it found that he was not entitled to uninsured motorist benefits under his insurance policy with the plaintiff. We affirm.

    On September 28, 2005, the defendant was driving his son to preschool. While stopped at an intersection, an individual on a bicycle rode into the defendant's vehicle, causing the front passenger-side window to shatter. The defendant sustained an injury to his right eye from the broken glass. The individual on

the bicycle was not covered by an insurance policy.

On October 24, 2005, the defendant filed an insurance claim with the plaintiff, alleging that he was entitled to compensation for his injuries under the uninsured motorist provision of his policy. In response, the plaintiff filed this declaratory judgment action.

Both parties filed motions for summary judgment. On January 26, 2007, the circuit court found that the plaintiff had no duty or obligation to provide uninsured motorist benefits to the defendant because a bicycle did not constitute a motor vehicle, such that the individual on the bicycle was not considered an uninsured motorist. On February 27, 2007, the defendant filed a notice of appeal with the circuit court.

Initially, we note that the plaintiff suggests that the defendant failed to file a timely notice of appeal and that this court must dismiss the defendant's appeal for lack of jurisdiction.

In relevant part, Supreme Court Rule 303(a)(1) (210 Ill. 2d R. 303(a)(1)) provides that, "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." Supreme Court Rule 373 (155 Ill. 2d R. 373) provides that, if a notice of appeal is received after the due date, the time of mailing will be the time of filing. In this case, the defendant filed his notice of appeal on February 27, 2007, which was not within 30 days of the court's final judgment on January 26, 2007. However, the

2

defendant's notice of filing indicates that it was mailed on February 21, 2007.  This court has inquired with the circuit court of Will County, which confirmed that the defendant mailed the notice of appeal to the circuit court on February 21, 2007.  Accordingly, the defendant timely filed his notice of appeal (155 Ill. 2d R. 373), and we have jurisdiction to consider the merits of the defendant's argument.

The defendant argues that the circuit court erred when it found that he was not entitled to uninsured motorist benefits under his insurance policy with the plaintiff.  Specifically, the defendant contends that the public policy considerations behind the uninsured motorist coverage statute weigh in favor of extending coverage in this case, including the general rule that coverage should be construed liberally in favor of the policyholder.

We review matters of statutory construction and summary judgment <u>de</u> <u>novo</u>.  <u>Hudson v. YMCA of Metropolitan Chicago,LLC</u>, 377 Ill. App. 3d 631, 878 N.E.2d 821 (2007).

Statutory construction requires the reviewing court to determine and give effect to the legislature's intent.  <u>DeLuna v. Burciaga</u>, 223 Ill. 2d 49, 857 N.E.2d 229 (2006).  The primary indicator of legislative intent is the statute's plain language.  <u>DeLuna</u>, 223 Ill. 2d 49, 857 N.E.2d 229.  If the statute's language is clear and unambiguous, there is no need to resort to other methods of statutory construction.  <u>DeLuna</u>, 223 Ill. 2d 49, 857 N.E.2d 229.  However, if the statute's plain language is

3

ambiguous, we will employ other tools of statutory construction, including the consideration of similar and related enactments. DeLuna, 223 Ill. 2d 49, 857 N.E.2d 229.

Section 143a(1) of the Illinois Insurance Code provides:

"No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle that is designed for use on public highways and that is either required to be registered in this State or is principally garaged in this State shall be renewed, delivered, or issued for delivery in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7-203 of the Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." (Emphasis added.) 215 ILCS 5/143a(1) (West 2004).

"Motor vehicle" is not defined in the Illinois Insurance Code. However, "motor vehicle" is defined in the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/1--100 et seq. (West 2004)), a code that is referenced in the Illinois Insurance Code. Thus, we look to the Vehicle Code for assistance in defining "motor vehicle." DeLuna, 223 Ill. 2d 49, 857 N.E.2d 229.

4

Section 1--146 of the Vehicle Code defines "motor vehicle" as "[e]very vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, except for vehicles moved solely by human power and motorized wheelchairs." (Emphasis added.) 625 ILCS 5/1--146 (West 2004). Section 1--217 of the Vehicle Code defines "vehicle" as "[e]very device, in, upon or by which any person or property is or may be transported or drawn upon a highway or requiring a certificate of title under Section 3--101(d) of this Code, except devices moved by human power, devices used exclusively upon stationary rails or tracks and snowmobiles as defined in the Snowmobile Registration and Safety Act." (Emphasis added.) 625 ILCS 5/1--217 (West 2004). Furthermore, section 1--106 of the Vehicle Code defines "bicycle" as "[e]very device propelled by human power upon which any person may ride, having two tandem wheels except scooters and similar devices." 625 ILCS 5/1--106 (West 2004). Given these legislative distinctions, it is clear that a "bicycle" cannot be considered a "motor vehicle" for the purposes of uninsured motor vehicle coverage. We are unpersuaded by the defendant's public-policy-based argument, and hold that the circuit court did not err when it granted summary judgment in favor of the plaintiff.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SCHMIDT and CARTER, JJ., concur.

5