THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE H. LUGO, Defendant-Appellant.

Second District    No. 2—07—0296

Opinion filed June 26, 2009.—Rehearing denied July 14, 2009.

McLAREN, J., dissenting.

Thomas A. Lilien and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

This appeal presents the question of whether the proof of mailing requirements of Supreme Court Rule 373 (155 Ill. 2d R. 373) can be satisfied by a postmark affixed to an envelope taped to the back of a notice of appeal. We conclude that it cannot.

## BACKGROUND

Defendant, Joe H. Lugo, was indicted on three counts of solicitation of murder for hire (720 ILCS 5/8—1.2(a) (West 2000)). On May 14, 2002, defendant pleaded guilty to count I and the trial court granted the State's motion to nol-pros counts II and III. Following its denial of defendant's motion to withdraw the guilty plea, the trial court entered a judgment of conviction based on defendant's guilty plea and sentenced him to 20 years' imprisonment with credit for time served since his arrest. On November 9, 2006, defendant filed a postconviction petition, which the trial court summarily dismissed on February 2, 2007. Defendant then filed the present appeal.

Defendant's notice of appeal was file-stamped with the date of March 15, 2007. An envelope is taped to the back of the notice of appeal. The envelope is addressed to the clerk of the "Eighteenth Judicial Circuit Court" and a return address with defendant's name appears in the upper left corner of the envelope. The postmark on the envelope bears the date of March 2, 2007. The envelope is not file-stamped with any date. No certificate or affidavit of mailing for the notice of appeal is included in the record on appeal.

## ANALYSIS

■ Although neither party raises the issue of our jurisdiction, we have an independent duty to ascertain whether we have jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). A timely filed notice of appeal is necessary to establish this court's jurisdiction. *People v. Blanchette*, 182 Ill. App. 3d 396, 398 (1989). Supreme Court Rule 651(d) (134 Ill. 2d R. 651(d)) provides that appeals in postconviction proceedings are governed by the rules applying to criminal appeals. Thus, under Supreme Court Rule 606(b) (210 Ill. 2d R. 606(b)), defendant was required to file his notice of appeal within 30 days of the entry of the order disposing of his postconviction petition or within 30 days of the entry of an order disposing of a timely filed motion attacking the judgment. *People v. LaPointe*, 365 Ill. App. 3d 914, 919 (2006).

■ Supreme Court Rule 612(s) (210 Ill. 2d R. 612(s)) makes Supreme Court Rule 373 (155 Ill. 2d R. 373), which is a civil appeals rule, applicable to criminal appeals. Rule 373 provides:

> "Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12(b)(3). This rule also applies to the notice of appeal filed in the trial court." 155 Ill. 2d R. 373.

Rule 12(b)(3) provides that service is proved "in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." 145 Ill. 2d R. 12(b)(3).

In the present case, the order from which defendant appeals was entered on February 2, 2007. He did not file a motion challenging that order. Thus, his notice of appeal was due within 30 days of the entry of the February 2, 2007, order. Thirty days from February 2, 2007, was March 4, 2007. March 4, however, was a Sunday, thereby making the notice of appeal actually due by March 5, 2007. See 5 ILCS 70/1.11 (West 2006) ("The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday *** and then it shall also be excluded"). Defendant's notice of appeal was file-stamped March 15, 2007, well outside the allotted 30 days. If, however, the postmark (March 2, 2007) on the envelope taped to the back of the notice of appeal is sufficient proof, under Rule 373, of the date on

which the notice of appeal was mailed, then, pursuant to the rule, defendant's notice of appeal is to be considered filed within the allotted 30 days.

To determine whether the postmark may serve as proof of mailing under Rule 373, we must interpret the language of Rule 373. In doing so, we apply the rules of statutory construction. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005) (rules of statutory construction apply equally to the interpretation of supreme court rules). Our primary goal in construing the rule is to give effect to the intent of the drafters of the rule. *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998). The best indicator of the drafters' intent is the language used in the rule, which should be given its plain and ordinary meaning. *Rennick*, 181 Ill. 2d at 405. Further aids of construction should not be used where the rule's language is plain and unambiguous. *Rennick*, 181 Ill. 2d at 405.

The language of Rule 373 specifically provides that "[p]roof of mailing *shall* be as provided in Rule 12(b)(3)." (Emphasis added.) 155 Ill. 2d R. 373. "[G]enerally, use of the word 'shall' indicates a mandatory obligation unless the statute indicates otherwise." *People v. Thomas*, 171 Ill. 2d 207, 222 (1996). Thus, under the plain language of Rule 373, proof of mailing *must* be as provided in Rule 12(b)(3). Rule 12(b)(3) provides that proof is by certificate or affidavit of mailing. It does not provide for proof in any other form. Thus, the language of Rule 373 is unambiguous in providing that proof of mailing must be by certificate or affidavit of mailing. Accordingly, if proof of mailing must be by certificate or affidavit of mailing, then it cannot be by postmark, as a postmark is neither a certificate nor an affidavit of mailing.

Had the drafters of Rule 373 intended to allow for proof of mailing to take a form other than a certificate or affidavit of mailing, they could have easily done so, either by delineating the various forms of permissible proof or by avoiding the use of restrictive language such as "shall." In fact, a review of Rule 373's evolution since its enactment in 1967 reveals that our supreme court removed from the rule language specifically allowing postmarks to serve as proof of mailing and replaced it with language that proof of mailing "shall be" as provided in Rule 12(b)(3). The 1967 version of Rule 373 provided, "The time of mailing, *which may be evidenced by a post mark affixed in and by a United States Post Office*, shall be deemed the time of filing the record on appeal, any brief, excerpts from record, or any other paper required to be filed in a reviewing court within a specified time." (Emphasis added.) 36 Ill. 2d R. 373.

Following an amendment in 1981, however, Rule 373 no longer provided for proof of mailing by a postmark, instead providing, "Proof

of mailing shall be made by filing with the clerk a certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the date and place of mailing and the fact that proper postage was prepaid, or a United States Postal Service certificate of mailing." 84 Ill. 2d R. 373. The Committee Comments to Rule 373 explained the change:

> "As originally adopted the rule provided that the time of mailing might be evidenced by the post mark affixed by a United States Post Office. Because of problems with the legibility of post marks, and delay in affixing them in some cases, the rule was amended in 1981 to provide for the use of affidavits of mailing [or] United States Postal Service certificates of mailing." 84 Ill. 2d R. 373, Committee Comments.

In 1993, our supreme court again amended Rule 373, resulting in its present language, which provides that proof of mailing "shall be as provided in Rule 12(b)(3)." 155 Ill. 2d R. 373. The commentary explained that the amendment was "to make the method of proof of mailing consistent with practice under Rule 12." 155 Ill. 2d R. 373, Commentary, at clxvii.

These amendments to Rule 373 make apparent that our supreme court was aware of the option of allowing postmarks to serve as proof of mailing. The supreme court, however, after noting problems with postmarks, such as illegibility and delay in the affixation of postmarks, chose to eliminate that option by requiring that proof of mailing be in the form of a certificate or affidavit of mailing, as provided in Rule 12(b)(3). In seeking to remedy the situations where the postmark was illegible or belatedly affixed, it could have included language allowing postmarks to serve as proof of mailing only where legible and not appearing to have been belatedly affixed. Certainly, the legislature has provided a prime example of how to craft such language, in section 1.25 of the Statute on Statutes (5 ILCS 70/1.25 (West 2006)). Section 1.25 provides:

> "Unless An Act otherwise specifically provides, any writing of any kind or description required or authorized to be filed with *** the State or any political subdivision thereof, by the laws of this State:
>
> (1) if transmitted through the United States mail, shall be deemed filed with or received by the State or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other wrapper containing it;
>
> (2) if mailed but not received by the State or political subdivision, or if received but without a cancellation mark or with the cancellation mark illegible or erroneous, shall be deemed filed with or received by the State or political subdivision to which it was

required or authorized to be directed on the date it was mailed, but only if the sender establishes by competent evidence that the writing or payment was deposited, properly addressed, in the United States mail on or before the date on which it was required or authorized to be filed or was due." 5 ILCS 70/1.25 (West 2006).[1] Section 1.25 illustrates the possibility of allowing a postmark to serve as proof of mailing when legible and affixed in a timely manner but requiring other proof of mailing when the postmark is illegible or erroneously affixed. The supreme court, in Rule 373, chose to eliminate the use of postmarks altogether, opting instead to require in all cases a certificate or affidavit of mailing pursuant to Rule 12(b)(3).

The dissent contends that the history and amendments to Rule 373 reflect a "consistent broadening of the application of the mailbox rule." 391 Ill. App. 3d at 1009. According to the dissent, the amendments to Rule 373 did not displace a postmark as a permissible form of proof of mailing, but merely allowed for an affidavit or certificate of mailing to serve as an additional method of proving the date of mailing. We disagree, believing instead that the amendments to Rule 373 indicate an intent on the part of the rule's drafters to narrow the permissible forms of proof of mailing. As discussed, when Rule 373 was first enacted in 1967, it provided that proof of mailing "*may* be evidenced by a post mark affixed in and by a United States Post Office." (Emphasis added.) 36 Ill. 2d R. 373. The use of the word "may" indicated that proof of mailing could, but need not, be in the form of a postmark, and that perhaps other forms of proof of mailing would suffice. In contrast, following the 1981 amendment, Rule 373 provided that proof of mailing "*shall* be" in the form of a certificate or affidavit of mailing. (Emphasis added.) 84 Ill. 2d R. 373. By shifting from the permissible language of "may" to the mandatory language of "shall," the supreme court, in our opinion, narrowed the permissible forms of proof of mailing; while a litigant in 1967 could prove the date of mailing by a postmark or some other method, those litigants subject to the post-1981 versions of Rule 373 were and are required to prove the date of mailing solely through the use of a certificate or affidavit of mailing.

Our reading of Rule 373 is supported by our supreme court's recent decision in *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209 (2009). In *Secura*, the supreme court was faced

---

[1] Section 1.25 of the Statute on Statutes does not apply to documents filed with the judiciary. *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 341 (1989); *Holesinger v. Dubuque Feeder Pig Co.*, 104 Ill. App. 3d 39, 42 (1982).

with the issue of whether Secura satisfied the requirements of Rule 373 where Secura's notice of appeal was received by the circuit court outside the 30-day appeal period and where there was no affidavit or certificate of mailing in the record. *Secura*, 232 Ill. 2d at 214-15. Secura argued that a cover letter dated within the 30-day period was sufficient evidence that the notice of appeal had been timely mailed. *Secura*, 232 Ill. 2d at 215. The supreme court disagreed, holding that the cover letter did not fulfill the requirements of Rule 373 and Rule 12(b)(3), because it did not contain a certificate or affidavit of mailing, nor did it contain anything certified or sworn to. *Secura*, 232 Ill. 2d at 216. In so holding, the supreme court emphasized that Rule 373 provides that " '[p]roof of mailing *shall* be as provided in Rule 12(b)(3),' " and that Rule 12(b)(3) requires a certificate or affidavit of mailing. (Emphasis in original.) *Secura*, 232 Ill. 2d at 215, quoting 155 Ill. 2d R. 373. The supreme court held: "Thus, while Rule 373 relaxes the requirement of timely filing where a party takes advantage of the convenience of mailing a document, *a party can only take advantage of Rule 373 if it files proper proof of mailing as required by Rule 12(b)(3)*." (Emphasis added.) *Secura*, 232 Ill. 2d at 216.

The dissent points out that *Secura* contains no mention of postmarks. We agree that the supreme court in *Secura* was faced with a different factual situation from the one with which we are faced. We do not agree, however, that because *Secura* does not contain mention of postmarks it lends no support to our decision. Although *Secura* involved a cover letter while the present case involves a postmark, both cases necessitate an examination of the proof of mailing requirements of Rule 373. The supreme court in *Secura* answered this question by stating that the "only" way to take advantage of Rule 373 is to provide proper proof of mailing pursuant to Rule 12(b)(3). *Secura*, 232 Ill. 2d at 216. As discussed above, Rule 12(b)(3) requires a certificate or affidavit of mailing. As the requirements of Rule 373 do not turn on whether the case involves a cover letter or a postmark, we do not believe that the fact *Secura* involved a cover letter while the present case involves a postmark diminishes the relevance of *Secura* to our decision. The supreme court held that a cover letter did not satisfy the requirements of Rule 373 because it was not a certificate or affidavit of mailing as required by Rule 12(b)(3). *Secura*, 232 Ill. 2d at 216. Similarly, a postmark is not a certificate or affidavit of mailing. Given that the postmark in the present case suffers from the same infirmity that prevented the cover letter in *Secura* from being sufficient proof of mailing under Rule 373, we believe that *Secura* is quite supportive of our determination that a postmark is not sufficient proof of mailing under Rule 373.

We determine that the language of Rule 373 is unambiguous in requiring, by reference to Rule 12(b)(3), proof of mailing of a notice of appeal by certificate or affidavit of mailing. A postmark is not a certificate or affidavit of mailing and has been specifically rejected by the drafters of Rule 373 as an acceptable form of proof of mailing. Throughout his dissent, our colleague argues that, as proof of mailing, a legible postmark is at least as reliable as an affidavit or certificate of mailing, if not more so, because, if an envelope bears a postmark, it has necessarily been placed in the mail on or prior to the postmark's date. While we understand the dissent's point, we do not believe that the reliability of postmarks has any bearing on the question of what constitutes sufficient proof of mailing under Rule 373. Our decision is not based on a determination of what form of proof of mailing is most reliable, but instead is based on the language of Rule 373. Where the supreme court has chosen to require a certificate or affidavit of mailing instead of the dissent's arguably more reliable postmark, we are not in a position to disregard that decision.

The dissent further argues that we have interpreted Rule 373 in such a way as to make it impossible for incarcerated litigants to take advantage of the rule, because such individuals will be unable to execute affidavits of mailing stating that they have mailed their documents by placing them in the United States mail. The dissent contends that incarcerated litigants will be unable to execute such affidavits because they are not permitted to place their documents directly into the United States mail but instead must give their documents to prison staff who, in turn, place the documents in the mail for the litigants. According to the dissent, officials of the institutions in which litigants are incarcerated, as the people who place the documents directly into the United States mail, will be forced to execute the affidavits, thereby imposing a burden on those officials and potentially creating litigation between the litigant and the official regarding the execution of the affidavit.

■ The issue before us is whether a postmark is sufficient proof of mailing under Rule 373. We have concluded that it is not. While Rule 12(b)(3) requires a certificate or affidavit of mailing from the person who mailed the document, we have not made any determination on the issue of what constitutes mailing under Rule 373 and Rule 12(b)(3). Whether an incarcerated litigant's documents are considered mailed when they are placed in the hands of the prison staff or only when they are placed in a United States Post Office receptacle is not before us and we express no opinion on the matter. Rather, we determine only that where a document is mailed—whether by placing it in the hands of prison staff or placing it in a United States Post Office

receptacle—a postmark is not sufficient proof of that mailing. Accordingly, our decision in no way impacts those decisions that have held that an incarcerated litigant's documents are considered mailed on the date the litigant places them in the prison mail system. See *People v. Saunders*, 261 Ill. App. 3d 700 (1994); *People v. Johnson*, 232 Ill. App. 3d 882 (1992); *People v. Aldridge*, 219 Ill. App. 3d 520 (1991). (We note that in all three of these cases, which are cited in the dissent, the defendants were able to provide certificates or affidavits stating the date of mailing. *Saunders*, 261 Ill. App. 3d at 702; *Johnson*, 232 Ill. App. 3d at 883; *Aldridge*, 219 Ill. App. 3d at 521.)

The dissent notes that a liberty interest is involved in the present case, where defendant is incarcerated, and suggests that *Secura* is also distinguishable for that reason. We observe that the supreme court has not implemented separate rules governing filing documents in criminal appeals and civil appeals. Rather, the supreme court explicitly chose to make Rule 373 applicable to criminal appeals in Rule 612(s). Had the supreme court desired to provide separate rules for filing in criminal cases—whether involving incarcerated or nonincarcerated defendants—it certainly could have done so, as an entire section of the supreme court rules is devoted to rules that apply solely in the context of criminal appeals. Moreover, Rule 373, Rule 12(b)(3), and *Secura* have been applied in other cases involving incarcerated defendants. See *People v. Tlatenchi*, 391 Ill. App. 3d 705 (2009) (strictly applying Rules 373 and 12(b)(3) and relying on *Secura* in determining that an incarcerated defendant's motion to withdraw her guilty plea was untimely where the defendant's proof of service was not sworn to and thus did not constitute an affidavit of mailing).

We do not have the authority to excuse the filing requirements of the supreme court rules governing appeals. *Secura*, 232 Ill. 2d at 218. Thus, in accordance with the plain language of Rule 373, we hold that the postmark on the envelope that is taped to the back of defendant's notice of appeal does not meet the proof of mailing requirements of Rule 373. Accordingly, defendant is precluded from taking advantage of Rule 373's provision that documents received after the due date are deemed filed as of the date they are mailed. As defendant's notice of appeal was file-stamped with the date of March 15, 2007, it was not filed within 30 days of the order dismissing defendant's postconviction petition. Defendant's notice of appeal is therefore untimely and we lack jurisdiction over this appeal. See *Secura*, 232 Ill. 2d at 212, 217-18 (holding that the appellate court lacked jurisdiction where the notice of appeal was received outside of the 30-day appeal period and the appellant failed to prove by certificate or affidavit of mailing that it had mailed the notice of appeal within the 30-day period); see also *Blanchette*, 182 Ill. App. 3d at 399.

The dissent faults us for having determined that defendant's notice of appeal was untimely *sua sponte* and without an evidentiary hearing having been held. As stated earlier, we have an independent duty to ascertain whether we have jurisdiction. *Smith*, 228 Ill. 2d at 104. Defendant's counsel acknowledged as much during oral argument. Thus, we see nothing improper in raising the issue of our jurisdiction *sua sponte*.

In sum, we conclude that defendant's notice of appeal was untimely because the plain language of Rule 373 requires proof of mailing in the form of a certificate or affidavit of mailing, and a postmark is neither. We are therefore without jurisdiction.

Appeal dismissed.

BURKE, J., concurs.

JUSTICE McLAREN, dissenting:
I respectfully dissent.

I believe that the majority reads Rule 12(b)(3) too literally and narrowly. The paramount rule of our interpretation is to glean the intent of Rule 12(b)(3) and then follow it. I do not believe that the majority would deny that one of the intended consequences of the rule is to provide easy access to appellate review. The supreme court has adopted the present and more liberal mailbox rule that did not compromise the integrity of the original rule and made the date of mailing provable through proof other than a postmark. The original rule made the United States Postal Service (USPS) the agent of the recipient and determined that placement in the hands of the USPS was placement in the hands of the recipient. Previously, the date of placement in the hands of the recipient was determined by the postmark affixed by the USPS.[2] The USPS is normally a third party, a messenger so to speak, between a party and the courthouse and the

---

[2]"A postmark is 'an official postal marking on a piece of mail; *specif*: a mark showing the name of the post office and the date and sometimes the hour of mailing and often serving as the actual and only cancellation.' " *Wickman v. Illinois Property Tax Appeal Board*, 387 Ill. App. 3d 414, 417 (2008). In *Guillen ex rel. Guillen v. Potomac Insurance Co. of Illinois*, 203 Ill. 2d 141, 154 (2003), our supreme court found that an affidavit of mailing of a notice did not suffice and that proof of mailing as required by statute (215 ILCS 5/143.17a(b) (West 1992)), was to be based upon documentation from the USPS. At least the legislature considers the USPS more reliable than an affidavit of mailing from an insurance company. At minimum, a postmark is competent evidence of mailing, regardless of the criteria set forth in the rule.

opposing party/parties, and it is deemed an agent of the recipient. However, the prior rule was deficient if the postmark was missing or illegible. Thus, the mailbox rule was made more liberal to allow proof of mailing by an attorney's certificate of mailing or by the affidavit of the person placing the paper in the mail. The amendment served two purposes. First, it made mailing easier to prove. Second, it often resulted in a mailing date earlier than that on the postmark stamped on the envelope by the USPS. The comments to the rules mention the problem of an illegible postmark as the reason for the amendment.

The comments are silent as to why a legible postmark is no longer competent proof of mailing. The comments are also silent as to whether it was the drafters' intent to abandon the postmark as competent proof of mailing. There is nothing in any case or comment to the rules that supports the proposition that a legible postmark is incompetent evidence of when the USPS acknowledged receipt of the paper being placed in the mail. Furthermore, the comments do not relate that a legible postmark is inherently unreliable or subject to fraudulent misrepresentation. There is nothing in the comments that affirmatively disavows, proscribes, or contradicts the use of a postmark as proof of mailing if the postmark is timely.

The majority claims that a postmark as proof of mailing "has been specifically rejected by the drafters of Rule 373 as an acceptable form of proof of mailing." 391 Ill. App. 3d at 1002. The definition of "specify" is to name or state explicitly or in detail. Merriam-Webster's Collegiate Dictionary 1125 (2000). I submit that there is no specific or explicit exclusion. If it is done, it is done *sub silencio*. Like Marcel Marceau, the majority has brought poetry to silence.

The majority cites to *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209 (2009), as authority that postmarks are incompetent evidence of mailing. In *Secura*, there was not one word concerning whether a postmark did or did not exist, whether it was legible or illegible, whether it was timely or untimely. There is little in *Secura* that supports the majority position, other than to say that a cover letter inside an envelope does not establish the date of mailing and that Rule 12(b)(3) should be followed. To say that *Secura* is supportive of the majority's analysis is to equate silence to the blare of shofars surrounding Jericho.

Furthermore, *Secura* is not a case that involved a liberty interest as is involved in this case. The majority has interpreted the rule in such a way as to make it impossible for this class of appellants to ef-

---

Rule 12(b)(3) is silent as to preclusion of admissible evidence on the point of mailing.

fectively utilize the mailbox rule without the assistance of prison staff to execute an affidavit pursuant to Rule 12(b)(3). Rule 12(b)(3) requires the person placing the paper in the mail to execute the affidavit. Contrary to cases that would hold that placement in the hands of prison staff is the same as placing the paper in the mail, Rule 12(b)(3) is silent on that point. Unless there are different levels of silence, the defendant cannot execute a valid affidavit because he has not placed the paper in the United States mail. See *People v. Saunders*, 261 Ill. App. 3d 700 (1994); *People v. Johnson*, 232 Ill. App. 3d 882 (1992); *People v. Aldridge*, 219 Ill. App. 3d 520 (1991).[3] These cases interpreted Rule 12(b)(3) liberally to conclude that the defendant's affidavit would suffice even though he did not actually place the paper in the mail. If the rule can be interpreted in such a way when it is silent as to allowing an affidavit from a person who did not actually place the paper in the mail, then it would seem that my interpretation concerning the inclusion of a timely legible postmark as proof of mailing is reasonable as well. As the *Aldridge* court said, "In our judgment this construction avoids an unduly harsh and unjust result. Any other result would allow defendants in certain parts of the State to vacate their guilty pleas under certain circumstances while those in others parts could not." *Aldridge*, 219 Ill. App. 3d at 523.

Incarcerated criminal defendants are in an unusual situation where the ability to *pro se* mail a paper is impossible. An inmate is required to place outgoing mail in the hands of the staff of the institution having custody of the inmate.[4] The majority has not explained or examined the implications of treating this class of appellants in such a harsh manner and diluting the policy of easy access per the mailbox rule. The majority has refused to accept a timely postmark as proof of mailing by requiring a literal application based upon silent "specification." Unlike the courts' rationales in *Aldridge*, *Johnson*, and *Saunders*, there is a basis in the rule for my interpretation. A basis that does not inhibit but fosters easy access to this court is readily apparent in the adoption of the original mailbox rule and its evolution to the present day.

---

[3]The fact that a party claims to have placed the paper in the mail does not make it so. In *Baca v. Trejo*, 388 Ill. App. 3d 193 (2009), although the certificate of service stated placement in the mail, the paper was actually placed with the United Parcel Service. This court determined that the UPS is not the USPS and found the filing untimely, despite the certificate's claim that it was timely placed in the mail by the attorney.

[4]For a discussion of how outgoing mail is handled by the Department of Corrections, see *Beahringer v. Roberts*, 334 Ill. App. 3d 622 (2002), and *People v. Saunders*, 261 Ill. App. 3d 700 (1994).

Unfortunately, despite the liberty interest involved, the majority has determined, *sua sponte*, without an evidentiary hearing, that the notice was not timely filed. I do not question our independent duty to inquire whether we have jurisdiction. I question why we do not give defendant an opportunity to submit a late filing of "proper" proof of mailing by way of an evidentiary hearing or the filing of exhibits, pleadings, or affidavits. I submit that this would be timely because jurisdiction was neither contested nor questioned until this court raised the issue, *sua sponte*. Having cited to *Secura*, the majority should consider our supreme court's suggestion that a proper proof of mailing could be filed subsequently in a reasonably timely manner. (*Secura Insurance Co.*, 232 Ill. 2d at 218) ("Moreover, we note that the record is devoid of any attempt by Secura to supply a proof of service or affidavit"). Since we raised the issue *sua sponte*, we should allow defendant an opportunity to present whatever proofs he deems appropriate. According to the majority he would have to obtain an affidavit from the staff member who actually placed his paper in the United States mail. (Since I am the minority this would be the wisest choice.) According to my interpretation, he could file a *pro se* affidavit as to when he placed the paper in the hands of the Department of Corrections staff, based upon prior precedent; or he could obtain an affidavit from the circuit court clerk affirming that the clerk's standard business practice is to attach the envelope to the document that was contained inside it. This latter choice is similar to what appears to have occurred in *Standard Mutual Insurance Co. v. Rogers*, 381 Ill. App. 3d 196, 198 (2008) (when the certificate of mailing was contested, the circuit court clerk was contacted to confirm the postmark). To refuse defendant this opportunity disregards the supreme court's suggestion that a subsequent filing of a proof of mailing is competent evidence.

Time may be defined as "a nonspatial continuum that is measured in terms of events which succeed one another from past through present to future." Merriam-Webster's Collegiate Dictionary 1231 (2000). Thus, before a postmark can be stamped on an envelope, the envelope must be placed in the mail. If the postmark is timely, then it is immaterial when the envelope was actually placed in the mail. It defies the purpose of the mailbox rule to conclude that a certificate or affidavit must be the only means to establish a timely mailing. For the majority to conclude that the rule will not entertain such a syllogistic proof is to determine that equivocal silence is an explicit negation of the pro-mailing policy of Rule 12(b)(3) and the mailbox rule. If, as determined by the majority, everything that is not specifically allowed is proscribed because it is "specifically rejected," then several prior

cases interpreting Rule 12(b)(3) are incorrect and the affidavit must be executed by staff, and an attempted subsequent filing of the proof of mailing is incompetent despite what *Secura* states.

I submit that the majority's interpretation subverts the mailbox rule and will place an undue burden upon staff of the Department of Corrections and any other institution that does not allow *pro se* access to the USPS. It may come to pass that with this additional burden the statement contained in *Aldridge* may have even greater impact, and some defendants' appeals will be perfected because the affiants placed the papers in the mail in a timely fashion and other defendants' appeals will fail because the affiants did not place the papers in the mail in a timely fashion. Further litigation may ensue by defendants seeking mandamus to require the execution of affidavits and to require timely placement in the mail. It may come to pass that suits will arise seeking damages for failure to act reasonably in fulfilling the duties created by a literal interpretation of Rule 12(b)(3).

I do not believe that the supreme court or the committee that formulated the present version of the rule intended to abrogate the ability to prove mailing by other forms of competent evidence. The fact that the rule has eased the procedure for establishing compliance with the mailbox rule does not constitute an affirmative statement that otherwise competent evidence of mailing is no longer competent. *Secura* does not make the attachment of a certificate or affidavit of mailing a *sine qua non*. If it did, then a suggested subsequent attempt to comply with the rule would be unavailing. The rule has never specifically said that a postmark is incompetent evidence to prove the date of mailing under any circumstance. The comments never state that a timely postmark is less reliable than a properly executed and attached certificate or affidavit. It is unreasonable to conclude that the supreme court intended the pro-mailing policy to be narrowed and thwarted via silence to preclude proof of mailing by a timely postmark, especially in an instance where the mailer is given limited access to the mail. In *People v. Barcik*, 357 Ill. App. 3d 1043 (2005), this court determined that it had no jurisdiction over the appeal because no proof of mailing was filed with the defendant's notice of appeal. There was no mention of a timely postmark of record to establish the date of mailing, only a dated letter that was attached to the notice of appeal. Our supreme court entered a supervisory order, vacated the dismissal, and remanded for disposition on the merits. *People v. Barcik*, 217 Ill. 2d 569 (2005). Although not precedential, the supervisory order comports with the policy of ease of access to the appellate court and the pro-mailing policy of the rule. I submit that, in this case, a timely

postmark should satisfy a reasonable skeptic that timely mailing was established.[5]

The purpose of the amended rule was to actually expand the pro-mailing policy that existed when the postmark was the most liberal proof of mailing. Frequently, the postmark was legible but established that the mailing was not timely. The committee and the supreme court were aware that often a postmark would not be stamped on the same day the document was placed in a mailbox, sent in a bag with other mail to the post office, or even handed to a postal clerk. Thus, the postmark did not always establish the earliest date that the USPS received the document. Thus, a certificate or an affidavit could supplant the postmark and establish that despite the postmark the document was mailed on an earlier date and in a timely fashion. A fair reading of the history of the rules and their amendments indicates a consistent broadening of the application of the mailbox rule in order to give the mailer the greatest benefit. The fact that the rule has eased the procedure for establishing compliance with the mailbox rule does not mean that there has been an affirmative statement that otherwise competent proof of mailing is no longer competent.

For the above reasons I believe that, at best, we have jurisdiction. At worst, I believe that we should do as the Third District Appellate Court did in *Standard Mutual* and obtain a statement from the circuit court clerk as to whether or not the notice of appeal was contained in the envelope that was attached to it, or we should allow defendant the opportunity to obtain an affidavit from the Department of Corrections staff member who placed the paper in the mail.

---

[5] In *Barcik* it was a letter that provided the only evidence of a date. *Barcik*, 357 Ill. App. 3d at 1048. A letter was deemed insufficient in *Secura*.